## 50355. LONG v. JIM LETTS OLDSMOBILE, INC. et al.

MARSHALL, Judge.

The sole issue presented by this appeal is whether Long may recover *in tort* against the manufacturer and seller of a new automobile for damages to the vehicle itself arising from defects in the engine. Long alleges that the engine was "running hot and blowing out the liquid in the radiator," and that he took the car back to the seller on several occasions and that neither the seller nor the manufacturer repaired or corrected the problem, and that this condition persisted throughout his ownership. After 22 months and 27,000 miles of use, Long states that the engine was completely destroyed and he sold the car for $1,458 when its "book value" was $3,700. His alleged damages were expenses for repairs ($635.45) not covered by the new car warranty, time lost from work, loss of use of the car while being repaired, diminution in value, inconvenience, and punitive damages ($43,934.50) for "wilful misconduct" and "indifference to the consequences suffered by" Long. He appeals from summary judgments granted to both defendants. *Held:*

1. "To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and *under every theory fairly drawn from the pleadings and evidence (Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114); *Scales v. Peevy,* 103 Ga. App. 42, 46 (118 SE2d 193); *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805); *Saunders v. Vickers,* 116 Ga. App. 733, 734 (2) (158 SE2d 324); *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789 (178 SE2d 710); *Columbia Drug Co. v. Cook,* 127 Ga. App. 190 (194 SE2d 286); *Turner v. Noe,* 127 Ga. App. 870 (195 SE2d 463); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256))." *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (210 SE2d 845).

2. The only theory fairly drawn from Long's pleadings and evidence is that of negligence, to wit: that General Motors negligently manufactured and that Jim Letts negligently repaired the car. Thus, we are not concerned with any breach of contract, or breach of the express new car warranty or the waiver of implied warranties or with any kind of strict liability under Code Ann. § 105-106.

It is well settled that misfeasance in the performance of a contractual duty may give rise to a tort action. See, e.g., *E. & M. Const. Co. v. Bob,* 115 Ga. App. 127 (153 SE2d 641); *Floyd v. Morgan,* 106 Ga. App. 332 (127 SE2d 31); *Moody v. Martin Motor Co.,* 76 Ga. App. 456 (46 SE2d 197). But in such cases the injury to the plaintiff has been "an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit." *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 366 (203 SE2d 587). "[I]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself." *Mauldin v. Sheffer,* 113 Ga. App. 874, 879-880 (150 SE2d 150). "The duty, for a breach of which an action ex delicto lies, must be a duty imposed by law as to some relationship, general or special, as applied to that class of cases where the alleged duty arises out of a contract. For instance, if one promises to pay another a given sum of money by a named day, the contract creates a duty to pay; but a breach of that duty is not a tort." *Howard v. Central R. Co.,* 9 Ga. App. 617, 619 (71 SE 1017). See also, *Kenimer v. Ward Wight Realty Co.,* 109 Ga. App. 130 (135 SE2d 501); *Orkin Termite Co. v. Duffell,* 97 Ga. App. 215 (102 SE2d 629); *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252 (1) (76 SE2d 536); *Manley v. Exposition Cotton Mills,* 47 Ga. App. 496 (1) (170 SE 711); *Fain v. Wilkerson,* 22 Ga. App. 193 (95 SE 752).

In the present case, the duty of the manufacturer was to produce a car that would not overheat. The duty of the seller-repairman was to fix the car so that it would not overheat. These duties arose, in both cases, solely from the contract between the plaintiff, Long, and these two

defendants. The breach of that duty (which is the only duty alleged to have been breached) amounts only to a breach of the contractual duties of the defendants. There may have been other duties owed by the defendants to Long, which arose independent of the contracts, such as the duty imposed on suppliers and repairmen of chattels to use reasonable care not to place in the hands of the consumer a "product which may reasonably be expected to be capable of inflicting substantial harm if it is defective." Prosser, Law of Torts (4th Ed., 1971), p. 643. McPherson v. Buick Motor Co., 217 N. Y. 382 (111 NE 1050). See *Griffith v. Chevrolet Motor Division,* 105 Ga. App. 588 (1) (125 SE2d 525). However, Long's complaint does not assert that such a duty has been breached by the defendants, nor has he submitted any evidence that he has suffered "substantial harm" within the meaning of the products liability rule. The "harm" contemplated or the interest protected against by such rule is "bodily harm," injury to "life and limb," injury to others and damage to property other than the product itself. See, e.g., *Griffith v. Chevrolet Motor Division,* supra; *Washburn &c. Co. v. General Motors Corp.,* 90 Ga. App. 380 (83 SE2d 26); *Moody v. Martin Motor Co.,* supra. "[W]here there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the courts have adhered to the rule . . . that purely economic interests are not entitled to protection against mere negligence, and so have denied the recovery." Prosser, Law of Torts (4th Ed. 1971), p. 665. See Seely v. White Motor Co., 45 Cal. Rptr. 17 (403 P2d 145); Wyatt v. Cadillac Motor Car Division, 145 Cal. App. 2d 423 (302 P2d 665). Here, Long's only damages claimed are economic; diminution in value, and out-of-pocket expenses for repairs. While we sympathize with Long for the aggravation and inconvenience he has suffered because of the defects in the car, such inflictions are not compensable elements of damages in this case, and his only remedy for the pecuniary damages suffered is in contract. " 'Mere breach of a contract cannot be converted into a tort by showing that failure to perform upon the part of the one committing the breach had resulted in great inconvenience, trouble, annoyance, and hardship to

the other party to the contract.' *Milledgeville Water Co. v. Fowler,* 129 Ga. 111, 112 (58 SE 643)." *Leonard v. Firemen's Ins. Co.,* 100 Ga. App. 434, 436 (111 SE2d 773).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MARCH 3, 1975 — DECIDED JUNE 11, 1975 — REHEARING DENIED JULY 2, 1975 —

*Long & Pierce, Nick Long,* for appellant.

*King & Spalding, Charles M. Shaffer, Jr., James A. Eichelberger, William M. Rich, Frank E. Jenkins, Byron Attridge,* for appellees.