## 52788. LONG MANUFACTURING, N. C., INC. v. GRADY TRACTOR COMPANY.

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 25, 1976 — REHEARING DENIED NOVEMBER 4, 1976.

*Kelley, Allen & Kelley, Roy Benton Allen, Jr.,* for appellant.

*Neely, Freeman & Hawkins, Richard P. Schultz, J.*

*Bruce Welch, Howell Hollis, III,* for appellee.

DEEN, Presiding Judge.

1. A cause of action in *negligence* for property damage to the defective personal property itself is cognizable under Code Ann. § 105-106. *Eades v. Spencer-Adams Paint Co.,* 82 Ga. App. 123 (60 SE2d 543). See also Prosser, Law of Torts, 665, § 10 (4th Ed. 1971); compare with "economic" damages only, *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293 (217 SE2d 602).

The testimony for the plaintiff was that the design of the barn was "poor," that it could have been designed to be stronger, that it was "under-designed" and of "marginal design"; the witness further testified that he did *not* have the information to determine whether the manufacture was proper and concluded that if he were designing the barn, he "would have done it a whole lot differently." It is thus clear that the appellee's verdict must stand or fall on the sufficiency of this witness' testimony as to negligent design, there being none as to negligent manufacture.

The defendant-appellant's expert disagreed with the testimony of the appellee, it being his opinion that the barn was not defectively designed. It has been held that no breach of duty as to product design is shown by evidence that experts disagree as to whether a particular design is proper. Dillingham v. Chevrolet Motor Co., 17 FSupp. 615. Likewise, proof of nothing more than that a particular injury would not have occurred had the product been designed differently is insufficient to establish a breach of the manufacturer's duty as to design. Hatch v. Ford Motor Co., 163 Cal. App. 2d 393 (329 P2d 605). While we view the evidence for the appellee as so lacking as to almost approach insufficiency (see Eldridge, Products Liability in Georgia, § 2-21) we prefer the rule that "ordinarily, the question whether a particular design is defective and could thus cause injury is for the jury." 63 AmJur2d 80, Products Liability, § 73. The jury here, having the opinions of two experts, and having chosen to believe the appellee's, we hold that the evidence is sufficient.

2. Error is urged upon the trial judge's refusal to allow the appellant to elicit from its witness an answer to

the question of whether any other tobacco barns manufactured by it had ever failed.

Assuming without deciding that such a refusal was error (see *Evershine Products v. Schmitt,* 130 Ga. App. 34 (6) (202 SE2d 228); 63 AmJur2d 80, Products Liability, § 73) it would not be harmful in this instance. The appellant made no showing to the *trial judge* of what the witness was expected to answer. *Christiansen v. Robertson,* 139 Ga. App. 423 (228 SE2d 350).

3. Error is predicated upon the following charge: "The plaintiff also contends that the defendant failed to provide uniform support from the wheel assembly due to the omission of more than half of the attaching fasteners." The complaint contains no such allegation to support this charge. The evidence as to the "attaching fasteners" is somewhat confusing, but having studied the transcript carefully it appears that there is *no* evidence that the appellant failed to provide the fasteners but there is evidence that the appellee may have attempted to move the barn without benefit of using the total number of fasteners provided by the appellant for such action. If so, not only was the charge error, as based upon a nonexisting contention of the appellee (*Ellison v. Robinson,* 96 Ga. App. 882, 885 (101 SE2d 902); compare, *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439, 445 (197 SE2d 459)), it was harmful in that it removed from the jury's consideration evidence which would have shown contributory negligence on the part of the appellee and a defense to the appellant. 63 AmJur2d 76, Products Liability, § 70. The evidence shows the appellee had just maneuvered the barn over a railroad crossing when the barn collapsed; the appellee's own expert testified that hitting bumps put more pressure on the barn's chassis. In light of the other evidence, it is our conclusion that the error committed by the trial judge in giving this unwarranted charge was harmful in its effect.

4. Can the appellee recover under a strict liability theory? A recent commentator has noted that "the trend nationally is against permitting such recovery of only economic losses in strict liability," citing Seely v. White Motor Co., 45 Cal. Rptr. 17 (403 P2d 145). Eldridge, Products Liability in Georgia, § 5-10. Here the only

damage for which recovery is sought is to the alleged defective personal property itself. The Seely decision has been cited with apparent approval in *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293, supra. We do not believe recovery in strict liability in tort can be had solely for property damage to the allegedly defective property itself.

5. The remaining enumerations of error are not erroneous for any of the reasons urged or are not likely to recur in a new trial and are not ruled upon.

*Judgment reversed. Webb and Smith, JJ., concur.*