## 53392. CHRYSLER CORPORATION v. TAYLOR.

STOLZ, Judge.

The appellee bought a new Dodge automobile, which had been manufactured by the appellant. He soon discovered that the vehicle had numerous defects. At the appellee's insistence, the appellant made several attempts to repair the car, but was never able to do so to the appellee's satisfaction. The appellee, therefore, brought this suit against the appellant seeking damages for loss of bargain, the cost of a replacement for the defective Dodge, interest paid on his auto, wages lost while attending to the vehicle, and attorney fees. Over the appellant's objections and motions for directed verdict, the case was presented to the jury solely on the grounds of negligence and strict liability for manufacturers. Judgment was entered on a verdict awarding the appellee compensatory and punitive damages, and the appellant appeals.

1. The trial judge erred in his denial of the appellant's motion for directed verdict as to the issue of negligence. The appellee alleged that the appellant was negligent in manufacturing and failing to repair a defective automobile. However, the appellee did not allege that this negligence caused any damage to his person or property other than damages attendant to his receiving a vehicle not up to the standards that he contracted to purchase; he simply sued for loss of the benefit of his bargain. Such damages are not recoverable in negligence. *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga.

App. 293 (2) (217 SE2d 602) (1975).

2. The trial judge also erred in his denial of the appellant's motion for directed verdict as to the issue of strict liability under Code Ann., § 105-106 (Ga. L. 1968, pp. 1166, 1167). Code Ann. § 105-106 provides for strict liability of manufacturers "to any natural person . . . who suffers injury to his person or property . . ." We hold that an "injury," within the context of Code Ann. § 105-106, does not include damages stemming from loss of the benefit of one's bargain. "The history of the doctrine of strict liability in tort indicates that it was designed . . . to govern the distinct problem of physical injuries." Seely v. White Motor Co., 45 Cal. Rptr. 17 (11) (403 P2d 145) (1965).

If a consumer wishes to recover for a loss of bargain through its purchasing of defective goods in the absence of fraud, it should pursue recovery under warranty laws. This distinction between recovery by strict liability in tort and recovery for loss of bargain in warranty is not arbitrary. The distinction rests on the nature of the responsibility which a manufacturer must assume in distributing its products. A manufacturer has a duty to avoid physical injuries caused by products which fail to meet acceptable standards of safety, and, therefore, the manufacturer may be held responsible for such injuries. A manufacturer does not, however, have a strict duty to manufacture goods which will meet the standards of performance required by every consumer. See Seely v. White Motor Co., supra, (15).

A manufacturer's duty to sell goods meeting consumer expectations is governed by the requirements of warranty law. Warranty law, as set out in the Uniform Commercial Code, does not require products that in *all* instances meet *all* consumers' expectations; it is much more subtle. But if strict liability in tort were considered to apply to the loss of bargains by disgruntled consumers, the subtle and technical provisions of warranty law established by the General Assembly through its enactment of the U.C.C. would be useless. See Morrow v. New Moon Homes, Inc., 548 P2d 279, 285 (Alaska, 1976); Prosser, The Fall of the Citadel (Strict Liability to the Consumer), 50 Minn. L. Rev. 791, 822 (1966); Speidel, Products Liability, Economic Loss and the UCC, 40 Tenn.

L. Rev. 309, 327 (1973).

Because the appellee can not recover as a matter of law under either negligence or strict liability in tort theories, the trial judge erred in his denial of the appellant's motions for directed verdict.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED FEBRUARY 28, 1977 — REHEARING DENIED MARCH 24, 1977 — CERT. APPLIED FOR.

*Alston, Miller & Gaines, J. Michael Kelly, Frank J. Beltran,* for appellant.

*Richard L. Powell,* for appellee.