**Adolph PLACEK, Plaintiff,**

v.

**WINNEBAGO INDUSTRIES, INC., Defendant.**

**Rose BLATECKY et al., Plaintiffs,**

v.

**WINNEBAGO INDUSTRIES, INC., Defendant.**

**Civ. A. Nos. 75–180, 75–181.**

United States District Court, W. D. Pennsylvania.

March 3, 1977.

Maurice M. Braunstein, Pittsburgh, Pa., for plaintiffs.

Charles Kirshner, Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

One of the staple jokes of the trial bar is the automobile collision case where, according to their own testimony, each driver's vehicle was stationary on his own side of the road when struck by the other vehicle traveling on the wrong side of the road at excessive speed. The case at bar involves the more unusual situation [1] where the collision occurs because both drivers in fact (because of defective operation of a traffic signal) have a green light in their favor and proceed to the point of contact, with tragic consequences.

■ The real culprit is apparently the State of Ohio, which had altered the signal devices in such a manner as to prevent recovery against the manufacturer under Torts Restatement 402–A principles. The manufacturer was accordingly dismissed (pursuant to the terms of a Stipulation of settlement) by this Court's order of May 24, 1976, after the case was transferred to this Court by order of the District Court of the Northern District of Ohio, dated February 5, 1975, following dismissal of the action against the State of Ohio on grounds of sovereign immunity. Under the doctrine of *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), this Court, as transferee court under 28 U.S.C. 1404(a), must apply the law of the transferor court, both with respect to substantive and conflicts of laws rules. We turn therefore to Ohio law.

The facts involved, to the extent that it may be proper to consider them in connection with defendant's pending motion to dismiss, may be summarized by saying that the trailer ("motor home," "recreational vehicle," "camper" or what not) manufactured by the remaining defendant Winnebago Industries, Inc., seems to have disintegrated and collapsed like the "one-hoss shay" upon impact with the other vehicle involved in the collision. The driver, plaintiff Placek, and thirteen other passengers were thrown onto the highway while the vehicle was still moving. Thirteen occupants of the trailer were injured, and one (the decedent of plaintiff Blatecky) was killed.

Briefs filed by the parties at the request of the Court show that in 1971 the Ohio Supreme Court abandoned automatic application of the *lex loci delicti* rule and adopted the "significant contacts doctrine" at least to the extent of giving consideration to effectuation of Ohio public policy.

We are inclined to believe that Ohio would probably apply its own law in a case such as this, since plaintiffs voluntarily operated their vehicle in Ohio, and defendant probably knew that such a vehicle would be used for travel in other States than the owner's residence, and such operation and

---

1. This is only the second such case arising in our sixteen years on the bench of this Court.

disintegration might well have endangered the lives of Ohio citizens.

In any event, the conflicts question is largely academic, since we find Judge Duncan's opinion in *Anton v. Ford Motor Co.*, 400 F.Supp. 1270, 1281 (S.D.Ohio E.D. 1975) and Judge Fullam's opinion in *Dyson v. General Motors Corp.*, 298 F.Supp. 1064, 1072 (E.D.Pa.1969), are persuasive in establishing that Ohio and Pennsylvania law are the same, and that both States follow *Larsen v. General Motors Corp.*, 391 F.2d 495, 502–503 (C.A.8, 1968), rather than *Evans v. General Motors Corp.*, 359 F.2d 822, 825 (C.A.7, 1966), with respect to a manufacturer's duty to adopt a design and construction which will not prove unreasonably dangerous in the light of foreseeable normal use.

Accordingly it follows that plaintiffs should be permitted to prove, if they can, that an unreasonably dangerous design or construction caused "enhanced injury" as a result of the collision which occurred with the station wagon by reason of the faulty traffic signal. Defendant's motion to dismiss must be denied.