### 53188. MIKE BAJALIA, INC. et al. v. AMOS CONSTRUCTION COMPANY, INC. et al.

McMurray, Judge.

An agreement was entered into between Mike Bajalia, Inc., and Amos Construction Co., Inc. on April 24, 1973, to construct a Butler space grid building. A more formal contract was to be entered at a later date, but this never occurred. This April 24, 1973, agreement was executed by Mike Bajalia, individually, and William G. Amos, individually, as well as the two corporate entities. Construction started and thereafter change orders were entered with respect to the construction.

Mike Bajalia, Inc. and Mike Bajalia became dissatisfied with the workmanship and refusal of the Amos Construction Co., Inc. and/or William G. Amos to complete the contract. Alleging breach of contract, fraud and wilful misrepresentation in the change orders and other matters of the contract, Mike Bajalia, Inc. and Mike Bajalia sued Amos Construction Co. and William G. Amos, seeking damages caused by the breach of the contract, negligent acts, failure to act, and wilful misrepresentation as direct and proximate causes of the damage to the plaintiffs. They sought a money judgment for the completion, overpayment and the expenses of litigation. Defendants answered, denying generally all averments of the complaint other than jurisdiction and adding that the memorandum agreement was never implemented and contending that it would have completed said building if it had not been prevented from doing so by the plaintiffs. Amos Construction Co., Inc., in

a counterclaim, sought damages against the plaintiffs. Defendants also filed various other defenses.

The plaintiffs amended the complaint several times, adding six additional counts, and sought to add additional parties defendant, being the architects and the manufacturer, Butler Manufacturing Co., alleging breach of contract, breach of warranty, negligence in the design of the building because of latent defects, strict liability in the manufacturing process, and the failure of defendants to warn plaintiffs of the dangers inherent in the use of the building. A judgment was sought against all of the defendants jointly and severally.

After discovery and based on affidavits submitted in support of its motion for summary judgment, Butler Manufacturing Co. was granted a summary judgment, and it was dismissed as a party to these proceedings. Plaintiffs appeal. *Held:*

1. In the case sub judice the plaintiffs may not recover in negligence against Butler for damage to building components supplied by Butler arising from defects in these same components. *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293, 294 (2) (217 SE2d 602). However, all of the components used in the construction of the building were not supplied by Butler. Several portions of the building, most notably the roof, were supplied by other sources. The plaintiffs may proceed against Butler on a theory of negligence where components supplied by sources other than Butler are damaged due to defects in the Butler components. There was evidence presented on the hearing of the motion for summary judgment that the Butler-supplied components of the building were not of sufficient strength to support the roof, that Butler was aware of the problem and that the roof and other portions of the building not supplied by Butler were damaged because of the inadequate strength and other deficiencies of the Butler-supplied building components. The court erred in granting summary judgment on the negligence issue. *Giant Peanut Co. v. Carolina Chemicals,* 129 Ga. App. 718, 719 (1) (200 SE2d 918).

2. There is no error in the court granting Butler's motion for summary judgment on the strict liability issue

as to the corporate plaintiff, Mike Bajalia, Inc. Strict liability is applicable only in actions by natural persons. Code Ann. § 105-106 (Ga. L. 1968, pp. 1166, 1167); *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580); *Cobb Heating &c. Co. v. Hertron Chemical Co.,* 139 Ga. App. 803 (footnote) (229 SE2d 681).

Recovery on a theory of strict liability as provided by Code Ann. § 105-106, supra, is allowed only where the injury is proximately caused by the condition of the product when sold by the manufacturer. Here there are jury issues as to whether the assembly of the building components supplied by Butler to defendants Amos and Amos Construction Co. resulted in a change in condition of the Butler-supplied components. There was also evidence of damage to various component parts supplied by Butler and of corrective measures taken by Amos and Amos Construction Co. to repair that damage.

Code Ann. § 105-106, supra, imposes a statutory duty on manufacturers of personal property, the breach of which gives rise to an action on a theory of strict liability. The strict liability action, being predicated upon the breach of a legal duty, is an action ex delicto. See *Ford Motor Co. v. Carter,* 141 Ga. App. 371. Therefore, the reasoning of *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293, 294 (2), supra, is not applicable to the strict liability issue. Also distinguishable is *Chrysler Corp. v. Taylor,* 141 Ga. App. 671 (2), where this court held that an "injury" within the context of Code Ann. § 105-106, supra, does not include damages stemming from loss of the benefit of one's bargain.

Of interest here is the recent case of *Long Mfg. &c. Inc. v. Grady Tractor Co.,* 140 Ga. App. 320, 322 (4), 323 (231 SE2d 105), in which the opinion discusses the issue of whether or not the plaintiff might recover under a strict liability theory for the damage to a portable tobacco barn, damaged when being transported along a highway after crossing a railroad track.

In Division 4 thereof we find the language, "We do not believe recovery in strict liability in tort can be had solely for property damage to the allegedly defective property itself." But in that case the plaintiff, a corporation and not a natural person, was suing for

negligence in the design and was not seeking judgment under the Georgia strict liability statute nor could it do so. See Code Ann. § 105-106, supra. The language in Division 4 is therefore obiter dicta, and does not control this case in any manner.

The court erred in granting the motion for summary judgment of defendant Butler on the strict liability issue as to plaintiff Mike Bajalia, individually. In the case sub judice, the plaintiff's strict liability action is not predicated solely upon his economic loss, but is also based upon the physical injuries to the building.

3. To entitle the defendant to summary judgment the undisputed facts as disclosed by the pleadings and evidence must pierce the pleadings so as to prevent the plaintiff from recovering on any theory fairly drawn from plaintiff's pleadings and evidence. The court does not resolve the facts nor reconcile the issues, but merely ascertains if there is an issue or there are issues remaining. *Fletcher Emerson Mgt. Co. v. Davis,* 134 Ga. App. 699, 701 (3) (215 SE2d 725); *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179).

By the pleadings and evidence presented on the motion for summary judgment plaintiff raised the issue as to whether Amos or Amos Construction Co. were agents, either authorized or implied, of Butler. The record contains no evidence which negates the averment of implied agency, therefore, the court erred in finding that as a matter of law there was no question of fact regarding agency. In the event the inferences of agency are proven to be true by jury determination against Butler, questions as to breach of contract and breach of warranty arising from the contract also remain.

*Judgment reversed. Smith, J., concurs. Bell, C. J., concurs in the judgment only.*

ARGUED JANUARY 17, 1977 — DECIDED MAY 6, 1977.

*Stokes & Shapiro, Thomas J. Wingfield, Coleman & Kitchens, William H. Kitchens,* for appellants.

*Alexander, Vann & Lilly, Roy Lilly, McLane & Dover, H. Arthur McLane, Jesse W. Walters, Blackburn &*

*Bright, J. Converse Bright,* for appellee.