## 58422. HENDERSON v. GENERAL MOTORS CORPORATION.

SHULMAN, Judge.

Appellant, the purchaser of a previously owned automobile which was manufactured by appellee, filed a two-count amended complaint seeking to recover damages allegedly sustained when the automobile's parking gear pin broke, causing the breakdown of the automatic transmission. Appellant brings this appeal from the grant of summary judgment in favor of appellee as to both counts of her complaint. We affirm.

1. Count 1 of appellant's complaint sets forth a claim for breach of implied warranty. The trial court properly granted summary judgment as to this count.

By the express terms of the sales contract, warranty (implied and express) coverage was afforded for 12 months or 12,000 miles of use (whichever was earlier) from the date the car was delivered to the first retail purchaser. The evidence on summary judgment shows without contradiction that warranties had expired prior to the sale of the car to appellant. Thus, even if the warranties were transferable to appellant, recovery will not lie under an implied warranty theory. *General Motors Corp. v. Halco Instruments, Inc.,* 124 Ga. App. 630 (3, 4) (185 SE2d 619).

2. Count 2 of appellant's amended complaint represents a claim for recovery under Code Ann. § 105-106. Essentially, appellant alleged that the vehicle was defective when sold by appellee and these defects had proximately caused damage to the automatic transmission. The injuries claimed are solely economic damages arising from the damage to the allegedly defective product itself and unaccompanied by other property damage or personal injury from the use of the product. See generally *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293, 295 (217 SE2d 602), as to economic damages. See Alfred N. Koplin & Co. v. Chrysler Corp., 49

Ill. App. 3d 194 (364 NE2d 100), noting that "economic loss" has been defined as " 'damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits — without any claim of personal injury or damage to other property. . .' [Cit.]" 364 NE2d 100, p. 103.

Since the damages sought by appellant stemmed solely from economic losses, the court properly held that an action for recovery under a strict liability theory would not lie. *Chrysler Corp. v. Taylor,* 141 Ga. App. 671 (2) (234 SE2d 123). Compare *Mike Bajalia, Inc. v. Amos Const. Co.,* 142 Ga. App. 225 (2) (235 SE2d 664), where "the plaintiff's strict liability action [was] not predicated solely upon his economic loss. . ." Id., p. 228.

Accordingly, since appellee has breached no statutory duty owed to appellant by reason of Code Ann. § 105-106, the court properly granted summary judgment as to appellant's claim under this theory.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 25, 1979 —

*Henry M. Henderson,* for appellant.
*Byron Attridge, Nolan C. Leake, R. Marcus Lodge,* for appellee.