**Ronnie GAINOUS and Pan American Fire & Casualty Insurance Company, Plaintiffs,**

v.

**CESSNA AIRCRAFT COMPANY, Defendant.**

**Civ. A. No. C80–85A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 30, 1980.

Glover McGhee, Michael H. Schroder, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for plaintiffs.

Robert M. Finlayson, II, J. Arthur Mozley, Phillips, Hart & Mozley, Atlanta, Ga., for defendant.

**ORDER**

ROBERT H. HALL, District Judge.

Plaintiff Ronnie Gainous was taking off from the Cairo, Georgia airport in his 1971 Cessna aircraft when a propeller blade disengaged from the engine, causing a crash landing and extensive damage to the airplane. He brought suit in two counts against Cessna, seeking to recover damages on theories of negligent design and manufacture, and strict liability. Thus, we have

here a products liability case in which the destruction that was caused by the allegedly defective product was destruction of the product itself, and not personal injury to anyone nor damage to other owned property of plaintiff.

Defendant has filed a motion to dismiss, arguing that under Georgia law damage to the product itself cannot be the basis for recovery under either a negligence or a strict liability theory. As will appear in more detail below, the court finds that a cause of action has been stated in both negligence and strict liability.

Turning first to the question of negligence, this issue is controlled by two Georgia cases, *Long v. Jim Letts Oldsmobile, Inc.*, 135 Ga.App. 293, 217 S.E.2d 602 (1975); and *Long Manufacturing, N. C., Inc. v. Grady Tractor Company*, 140 Ga.App. 320, 231 S.E.2d 105 (1976). To avoid confusion, the court will refer to these as the "Jim Letts" case and the "Long Manufacturing" case.

In the Jim Letts case, an allegedly defective car destroyed its own engine gradually over a period of time. Its owner sued in tort for negligence to recover costs of repair and diminution in value. The court held that plaintiff had suffered purely economic loss, and could not recover for that loss in negligence. Quoting from Prosser, Law of Torts (4th ed. 1971), p. 665, the court wrote that " 'where there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the courts have adhered to the rule . . . that purely economic interests are not entitled to protection against mere negligence, and so have denied the recovery.' " 135 Ga.App. at 295, 217 S.E.2d at 604. Thus, where an alleged defect resulted in deterioration of the product itself, the Georgia court did not allow recovery, terming this an economic loss only.

In the *Long Manufacturing* case, a defective tobacco barn collapsed and destroyed itself. Its owner sued for negligence and the court allowed recovery, finding that this was not a case of mere economic damage. This is the first paragraph of the opinion:

"A cause of action in *negligence* for property damage to the defective personal property itself is cognizable under Code Ann. § 105–106. *Eades v. Spencer-Adams Paint Company*, 82 Ga.App. 123 [60 S.E.2d 543] . . . See also Prosser, Law of Torts, (4th Ed. 1971), § 10 [sic; should be § 101] 665; compare with 'economic' damages only, *Long v. Jim Letts Oldsmobile, Inc.*, 135 Ga.App. 293, [217 S.E.2d 602]. . ." 140 Ga.App. at 321, 231 S.E.2d at 106–07. (Emphasis in original). Thus, the court allowed recovery in negligence where there was not merely "economic loss" but property damage to the defective item itself.[1]

A commentator has summarized these cases as follows: "The Georgia cases have followed Justice Traynor's dictum in *Seely v. White Motor Co.*, [63 Cal.2d 9, 45 Cal. Rptr. 17, 403 P.2d 145, 152] that repair loss to the product itself is loss on the bargain, or contract-like, and therefore not recoverable in tort, as opposed to 'tort-like' personal injury or physical harm to other property." *Ribstein, Tort and Contract in Georgia*, 30 Mercer L.Rev. 303, 306 (1978).

■ These cases show that Gainous has stated a cause of action in negligence under Georgia law for property damage to the allegedly defective chattel itself. That was the plain holding of the Long Manufacturing case.

Turning to the question of strict liability, the court finds Georgia law on this subject rather confused. In the Long Manufacturing case, addressing a question which was not then before the court, the opinion asked "Can the appellee recover under a strict liability theory?" 140 Ga.App. at 322, 231 S.E.2d at 107. The court answered its ques-

---

1. Commentators have criticized the court's distinction between economic loss and property damage (whether it be damage to the product itself or to other owned property) and the distinction between damage caused suddenly through "accident" and damage caused more slowly through deterioration. *See Ribstein, Guidelines for Deciding Product Economic Loss Cases*, 29 Mercer L.Rev. 493 (1978); *Ribstein, Tort and Contract in Georgia*, 30 Mercer L.Rev. 303 (1978).

tion, "We do not believe recovery in strict liability in tort can be had solely for property damage to the allegedly defective property itself." 140 Ga.App. at 323, 231 S.E.2d at 108.

Thereafter, in *Mike Bajalia, Inc. v. Amos Construction Company, Inc.*, 142 Ga.App. 225, 235 S.E.2d 664 (1977), the Georgia Court of Appeals considered a case in which certain defective building components had damaged themselves and other components in the building, the latter components having been supplied by other manufacturers. The court pointed out that the strict liability query addressed in Long Manufacturing was not essential to the case and was merely dictum. However, having pointed this out, rather confusingly the *Bajalia* court did nothing to clarify strict liability law in Georgia, as its ruling is very unclear: "The court erred in granting the motion for summary judgment of defendant Butler on the strict liability issue as to plaintiff Mike Bajalia, individually. In the case sub judice, the plaintiff's strict liability action is not predicated solely upon his economic loss, but is also based upon the physical injuries to *the building*." 142 Ga.App. at 228, 235 S.E.2d at 666. (Emphasis supplied.) The problem with the quoted language is that "the building" was composed partially of the allegedly defective product and partially of components provided by others. Thus, the precise question whether recovery could be had under strict liability for physical damage to the allegedly defective product itself was not answered. Nor is it possible to tell from the opinion whether the *Bajalia* court was perhaps concerned with the absence of a sudden "accident" type injury. The fact statement in that opinion is not adequate to tell exactly what happened to this building.

Understandably, the *Bajalia* opinion has been roundly criticized. One commentator has written as follows: "As to strict liability, the results refuse to compute. *Long* strongly indicated—and both *Long Manufacturing, Inc.* and *Chrysler Corp.* expressly said—there could be no recovery in strict liability for the damages in question. In *Mike Bajalia, Inc.*, the court expressly recognized a strict liability action for physical injuries to the plaintiff's building caused by defendant's defective components. Whether the court was now prepared to extend this action to damages to the defective components themselves is simply unclear. Although on the one hand it denigrated the obstructing language from *Long Manufacturing, Inc.* as 'obiter dicta' and not controlling, it continued to distinguish what it allowed in strict liability recovery from what it still referred to as 'economic loss.' Whether that reference still covers damage to the defective product, the court did not say." *Sentell, Strict Products Tort Liability in Georgia: Smudging a Clean Slate*, 8 Ga. Journal of International and Comparative Law 233, 250–251 (1978).

This court concludes that the *Bajalia* opinion simply does not answer the question concerning strict liability.

Turning to other legal principles to divine the law of Georgia on this point, the court concludes that a cause of action in strict liability for damage to the defective product itself will lie. It is true that plaintiff has not pointed out, nor has the court discovered, any Georgia case which has plainly found a cause of action in such circumstances. Strict liability is imposed by statute (Ga.Code Ann. § 105–106) in derogation of the common law, and must be strictly construed. In the absence of an indication by the Georgia courts that they will apply strict liability as plaintiff argues, this court would be inclined to hold that they would not.

However, we note repeated favorable references in Georgia cases to Prosser, Law of Torts § 101 (4th ed. 1971) and to *Seely v. White Motor Co.*, 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145, 152 (1965), a seminal case in this area. E. g., *Jim Letts*, 135 Ga.App. at 295, 217 S.E.2d 602. Prosser and the *Seely* case, in dicta, would both extend recovery in strict liability to *physical* damage to the product itself. Prosser says, ". . . there is now general agreement that there may be recovery not only for damage to the defective chattel itself [but

to other items as well] . . ." in strict liability. Prosser, § 101. Accord, 2 Frumer and Friedman, Products Liability § 16A[4][k] (Supp.1980).

 Accordingly, a cause of action in strict liability has been stated by Gainous, a natural person. However, the corporate plaintiff has no standing to sue under Ga. Code Ann. § 105–106. "Strict liability is applicable only in actions by natural persons. Code Ann. § 105–106 . . . ." *Bajalia*, 142 Ga.App. at 227, 235 S.E.2d at 665.

Accordingly, the motion to dismiss count 1 of the complaint which sounds in negligence, is DENIED. The motion to dismiss Count 2, based on strict liability, is GRANTED as to the corporate plaintiff and DENIED as to the individual plaintiff.