**BALTIMORE FOOTBALL CLUB, INC.**

v.

**LOCKHEED CORPORATION.**

Civ. A. No. C80–1953A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 16, 1981.

---

Herman, Tannebaum, Levine & Gilbert, Chicago, Ill., Habush, Habush & Davis, Milwaukee, Wis., for plaintiff.

Thomas C. Harney of Kilpatrick & Cody, Atlanta, Ga., Philip T. Powers of Haskell & Perrin, Chicago, Ill., Amory O. Moore of Hayes & Hayes, Milwaukee, Wis., for defendant.

## ORDER

NEWELL EDENFIELD, District Judge.

This action under the court's diversity jurisdiction, 28 U.S.C. § 1332, is before the court on defendant's motion for judgment on the pleadings. Rule 12(c), Fed.R.Civ.P.

The relevant facts, as set out in the pleadings, are as follows:

Plaintiff Baltimore Football Club, Inc. is a Delaware corporation. Although it is not so stated in the pleadings, the court assumes that Maryland is plaintiff's principal place of business. Defendant Lockheed Corporation (Lockheed) is a California corporation with a principal place of business in Georgia.

The dispute involves a Lockheed Jetstar Model No. 1329–23E–00, Serial Number 5116 (airplane), which plaintiff purchased used on or about June 30, 1978. The airplane in question was manufactured by Lockheed at its facility in Marietta, Georgia in 1967 and 1968.

Plaintiff argues that in June of 1979 certain defects were discovered in the mainframes of the airplane. The defects were repaired at KC Aviation, Inc., which plaintiff alleges is an authorized Lockheed Service Center, in Appleton, Wisconsin.

Plaintiff originally filed this action in the United States District Court for the Eastern District of Wisconsin on December 28, 1979. Plaintiff asserted two grounds for relief against Lockheed—strict liability (Count I), and negligence (Count II). The damages plaintiff seeks are:

—$125,000 to accomplish the replacement of the allegedly defective frame and work incident thereto;

—$500,000 in economic loss from the loss of use and related expenses incurred when the plane was out of service for repairs; and

—costs and attorneys' fees.

Lockheed filed a motion to transfer pursuant to 28 U.S.C. § 1404(a), which the Wisconsin court granted on October 30, 1980. The case was then transferred to this court for adjudication.

Defendant Lockheed's instant motion is based on the following grounds:

(1) Judgment on the pleadings of the strict liability claim must, as a matter of law, be entered in defendant's favor because a corporate plaintiff has no standing to sue in strict liability for economic loss.

(2) Judgment on the pleadings of the negligence claim must, as a matter of law, be entered in defendant's favor because no recovery can be had for purely economic losses.

Lockheed's motion is predicated on the assumption that Georgia law is to be applied to this case. Plaintiff in response argues that Wisconsin law must apply, and that under Wisconsin law plaintiff is able to state a claim for economic losses. Therefore, the court must first determine the conflicts of law issue before addressing Lockheed's arguments on their merits.

*Choice of Law*

In resolving the choice of law question here, the court must follow the conflicts of law rules of Georgia, the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Vicon, Inc. v. CMI Corp.*, 657 F.2d 768, 772 (5th Cir. 1981). Under Georgia conflicts of law principles in the field of tort law, the *lex loci delicti* determines the substantive rights of the parties. *Ohio Southern Express Co. v. Beeler*, 110 Ga. App. 867, 868, 140 S.E.2d 235 (1965); *Hard-*

*board Machinery Co. v. Coastal Products Corp.*, 289 F.Supp. 496 (M.D.Ga.1967), *aff'd*, 398 F.2d 833 (5th Cir. 1968). In other words, the law of the place of injury governs in tort liability, rather than the law of the place where the acts which allegedly caused the injury were committed. *Whitaker v. Harvell-Kilgore Corp.*, 418 F.2d 1010 (5th Cir. 1969); *Orr v. Sasseman*, 239 F.2d 182 (5th Cir. 1957); *Cash v. Armco Steel Corp.*, 462 F.Supp. 272 (N.D.Ga.1978); *Brooks v. Eastern Air Lines, Inc.*, 253 F.Supp. 119 (N.D.Ga.1966).

■ The statement of the rule is much more simple than its application in this case. The actual situs of the place of injury—*i. e.*, the exact location of the airplane when the cracks occurred—is basically impossible to determine. However, there are two factors which the court considers dispositive of this issue in favor of the application of Georgia law.

The first is the recent decision of the Seventh Circuit in *Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524 (7th Cir. 1981). That case involved a set of facts which is almost identical to the facts in the instant case. The only relevant difference from this case was that the plaintiff-owner of the Lockheed Jetstar in *Pittway* was a Pennsylvania corporation with its principal place of business in Illinois rather than a Delaware corporation doing business in Maryland.

The plane owned by Pittway was discovered to have a cracked mainframe upon inspection at KC Aviation in Appleton, Wisconsin. Pittway filed suit against Lockheed to recover the costs of repair and for economic losses resulting from the inability to use the aircraft during the period when it was being repaired.

The district court in *Pittway* held that the case was governed by Wisconsin law, and entered judgment on a jury verdict awarding damages to Pittway. The Seventh Circuit reversed, holding that even though the defect was discovered in Wisconsin, Illinois law applied. The court found that Illinois had a more significant relationship with the litigation, and, there-

fore, under Illinois law the plaintiff could not recover its economic damages.

Although Illinois has abandoned the *lex loci delicti* rule, *id.* at 529, the court finds the Seventh Circuit's discussion regarding choice of laws to be most persuasive.

First of all, the court noted that

[i]f either Illinois or Georgia were deemed to be the place of injury or if the place of injury is, as we believe, indeterminate because it is unknown in what state the crack occurred, *then all significant contacts in this litigation are outside Wisconsin and there is no basis whatsoever to argue that Wisconsin law is applicable.*

*Id.* at 528 (emphasis supplied).

Second, the court noted that

[i]t is widely recognized that the place of injury in cases involving aircraft accidents is almost always fortuitous, regardless of how often the aircraft had flown over a particular area, and that the usual importance attached to the place of injury is therefore inappropriate. . . . The Restatement (Second) of Conflict of Laws, Section 145, subsection 2, comment (b), provides, for example, that where the place of injury is indeterminate or fortuitous the law of the place of misconduct, in this case Georgia, should be given greater weight. The situs of the aircraft in this case at the time the defect was detected cannot be regarded as any less fortuitous than the situs of an accident resulting from a defect.

*Id.*

Finally, after noting that Wisconsin had little, if any, legitimate interest in the outcome of the litigation, the court stated:

Georgia, on the other hand, does have a legitimate interest in the application of its law in this case. The policy underlying Georgia's rule barring recovery of the damages sought is to protect the economic well-being of Georgia manufacturers and indirectly the state by limiting the scope of potential liability for product defects to that established contractually by the parties. Since the Lockheed division that designed and manufactured the

Jetstar has its principal place of business in Georgia, Lockheed is among those intended to be protected by the rule.

*Id.*, 528–29.

■ While Georgia courts do not follow the "most significant relationship test" that the Illinois courts employ, there is some room for policy considerations in a conflicts of law decision. 5 *Encyclopedia of Georgia Law*, "Conflict of Laws", § 34, p. 240 (1977). Georgia courts will not enforce foreign statutory law in tort actions where the foreign law is contrary to Georgia's public policy. *Id.; Southern Ry. v. Decker,* 5 Ga.App. 21, 62 S.E. 678 (1908).

The court in this case has two choices of state law which it can apply—Wisconsin or Georgia. Following the logic of *Pittway,* the court finds that Georgia is the most logical choice as the situs of the place of the alleged injury. The court recognizes, as did the *Pittway* court, that determining the place of injury in a case such as this is a somewhat inexact process. However, in this case the analysis and policy considerations both point to utilization of Georgia substantive law.[1]

Plaintiff in its brief in opposition to the instant motion has argued that Wisconsin choice of law principles should be employed in deciding this question, *citing Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964), *and Placek v. Winnebago Industries,* 427 F.Supp. 359, 360 (W.D.Pa.1977), because this case was transferred to this court on defendant's motion pursuant to 28 U.S.C. § 1404(a).

While plaintiff has a valid point, *see Oldfield v. Alston,* 77 F.R.D. 735, 740–41 (N.D. Ga.1978), the court finds that the result must be the same in this case following *Van Dusen* as it was following *Klaxon.* Even when examining the issues here under the "choice-influencing considerations" used by the Wisconsin court in deciding conflicts of laws issues,[2] the court finds that the discussion in the *Pittway* case regarding Wisconsin's and Georgia's interests in that action (which are identical to the interests in this case) clearly shows that Georgia law is the better choice for dealing with the substantive issues of this case.

The fact that Judge Gordon, in his order granting defendant's motion to transfer, stated that one of the main reasons for his decision was that "[i]t is the law of Georgia which I believe will govern these proceedings, and the federal district court in Georgia is better qualified to apply such law to the case at bar," Decision and Order, October 30, 1981, p. 2, clearly supports the court's determination on this point. This statement by Judge Gordon is the second of the dispositive factors which the court noted above.

Therefore, the court HOLDS that following either *Klaxon* or *Van Dusen* on the "choice of the choice of law question", Georgia law is the law which must be applied to the substantive issues here.[3]

*Strict Liability*

■ Georgia Code Ann. § 105–106(b)(1) states as follows:

The manufacturer of any personal property sold as new property, either di-

---

1. *Cf. Minrose Hat Co. v. Gabriel,* 149 F.Supp. 908 (D.N.J.1957) (an action in New Jersey district court for damages for negligent construction of a mold to be used in New Jersey which was manufactured in New York. Following New Jersey's *lex loci delicti* rule, the court held that the locus of the wrong, if any wrong had been done, must be in New York where the mold was manufactured, and therefore New York law must apply).

2. These considerations are:
   predictability of results
   maintenance of interstate and international order

simplification of the judicial task
advancement of the forum's governmental interests
application of the better rule of law
*Heath v. Zellmer,* 35 Wis.2d 578, 151 N.W.2d 664, 672 (1967).

3. The court notes that plaintiff could have made an argument that Maryland law should apply as the *lex loci delicti. See Pittway, supra.* However, as plaintiff has only argued here that Wisconsin law applies, the court has not considered the law of Maryland in its decision of the issues at bar.

rectly or through a dealer or any other person, shall be liable in tort, irrespective of privity, *to any natural person* who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained.

(Emphasis supplied.) Georgia courts and this court have continually disallowed actions in strict liability brought by corporations because under section 105–106 a corporation has no standing to bring such an action. *Mike Bajalia, Inc. v. Amos Construction Co.*, 142 Ga.App. 225, 235 S.E.2d 664 (1977); *Independent Mfg. Co. v. Automotive Products, Inc.*, 141 Ga.App. 518, 233 S.E.2d 874 (1977); *Gainous v. Cessna Aircraft Co.*, 491 F.Supp. 1345 (N.D.Ga.1980).

Therefore, the court must GRANT defendant's motion for judgment on the pleadings in Count I because plaintiff has no standing to bring a strict liability action.

*Negligence*

▎ Plaintiff's second cause of action alleges that Lockheed was negligent in the design and fabrication of the airplane as well as in the specification of maintenance procedures. Plaintiff is seeking $125,000 in damages for the cost of repairs to the airplane and $500,000 in damages for "economic loss from loss of use of the plane while out of service for repairs." The injuries which plaintiff claims "are solely economic damages arising from the damage to the allegedly [negligently designed] product itself and unaccompanied by other property damage or personal injury from the use of the product." *Henderson v. General Motors Corp.*, 152 Ga.App. 63, 262 S.E.2d 238 (1979). "Economic loss" has been defined as "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damage to other property." *Id.* at 64, 262 S.E.2d 238 (citations omitted).

Recovery for economic losses under a negligence theory is clearly not allowable under Georgia law. *Long v. Jim Letts Oldsmobile*, 135 Ga.App. 293, 217 S.E.2d 602 (1975); *A. J. Kellos Construction Co. v. Balboa Insurance Co.*, 495 F.Supp. 408 (S.D. Ga.1980). Plaintiff cites *Gainous, supra*, 491 F.Supp. at 1346, for the proposition that this court has "observed that the state of the law in Georgia on economic loss is 'rather confused.'" However, what *Gainous* actually says is that the law as to recovery of economic losses under a *strict liability* theory is rather confused. As plaintiff has no standing to bring a strict liability action, that statement by this court is irrelevant to the issues in this case.

Therefore, as plaintiff cannot recover for economic losses under a negligence theory, the court must also GRANT defendant's motion for judgment on the pleadings on Count II.

*Summary*

Obviously, the decision on the choice of laws issue is the governing factor as to which side prevails here. However, following the choice of law holdings of either *Klaxon* or *Van Dusen*, the court finds that Georgia law is clearly the law which must be applied to the substantive issues in this case. Therefore, the court GRANTS defendant's motion for judgment on the pleadings in favor of defendant on both counts of the complaint.