713 F.2d 618
 36 UCC Rep.Serv. 1175
 BEST CANVAS PRODUCTS & SUPPLIES, INC., d/b/a Best Canvas
Products, Co., Plaintiff,
v.
PLOOF TRUCK LINES, INC.,
Defendant/Plaintiff-in-Counterclaim, Appellant,
v.
FARRINGTON TEXAL, DIVISION OF NORTON COMPANY,
Defendant-in-Counterclaim, Appellee.
 No. 82-8451.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 29, 1983.
 
 Arthur B. Seymour, Atlanta, Ga., for Ploof Truck Lines, Inc.
 Joseph R. Bankoff, Atlanta, Ga., for Farrington Texal, Div. of Norton Co.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before FAY, HENDERSON and HATCHETT, Circuit Judges.
 ALBERT J. HENDERSON, Circuit Judge:
 
 
 1
 This is an appeal from the grant of a motion for summary judgment and the denial of a motion to amend a counterclaim by the United States District Court for the Northern District of Georgia in favor of the appellee, Farrington Texal, Division of Norton Company (Norton), and against the appellant, Ploof Truck Lines, Inc. (Ploof).
 
 
 2
 The dispute generating this appeal grows out of a suit originally filed in the State Court of Cobb County, Georgia by Best Canvas Products and Supplies, Inc., d/b/a Best Canvas Products Company (Besco), against Ploof to recover the purchase price of a quantity of truck tarpaulins manufactured by Besco and sold to Ploof. Ploof filed its answer thereto and a counterclaim for breach of warranty and defects in the manufacture of the tarpaulins. Ploof subsequently removed the case to the United States District Court in accordance with the provisions of 28 U.S.C. § 1441(a). Norton, the Massachusetts manufacturer of the fabric used in the production of the tarpaulins, came on the scene when Ploof impleaded Norton,[1] charging breach of implied warranties of fitness and merchantability and strict liability in tort. A flurry of motions and amendments followed, some of which are pertinent to the issues in this appeal. It is enough for our purposes, however, to concentrate on Norton's motion for summary judgment and Ploof's attempt to amend its pleadings to add a new counterclaim alleging the negligence of Norton. After the district court granted summary judgment to Norton and denied Ploof's motion to amend its counterclaim, Norton was effectively dismissed as a party to this litigation. Final judgment for Norton was then entered in accordance with the provisions of Fed.R.Civ.P. 54(b). The main action between Besco and Ploof remains pending in the district court.
 
 
 3
 The plaintiff, Besco, a Georgia corporation, manufactured and sold sixty-six tarpaulins to Ploof, a Florida corporation. Ploof used the tarpaulins to cover truckloads of lumber and other wood products that it shipped throughout the southeast. The tarpaulins were not waterproof, and eventually Ploof began receiving claims for water damage to cargo from its lumber customers. Ploof then notified Besco of this problem, but Besco refused to compensate Ploof for its damages. Ploof incurred costs of repairing and replacing some of the defective canvas coverings. Besco then shipped additional tarpaulins, which Ploof claims were substitutes for the unsatisfactory merchandise. Besco, on the other hand, maintains that the shipment constituted a new sale. When Ploof refused to pay for the additional tarpaulins, Besco filed this suit in state court to recover the amount due from Ploof. Norton became embroiled in the controversy only after the discovery of its role as the manufacturer of the fabric used in the production of the tarpaulins.
 
 
 4
 The district court's grant of summary judgment favorable to Norton was predicated on its finding that Ploof's cause of action against Norton arose in Georgia and there was no privity between the parties as required by Georgia law. It is undisputed that in Georgia, the absence of privity between Ploof and Norton would preclude Ploof's counterclaim against Norton on theories of breach of warranty and strict liability in tort. Watkins v. Barber-Colman Co., 625 F.2d 714, 716 (5th Cir. Unit B 1980). Ploof concedes that Georgia law would bar its counterclaim against Norton, but urges that its claim originated in Florida where direct privity with the manufacturer is not required to support an action for breach of implied warranty. Power Ski of Florida, Inc. v. Allied Chemical Corp., 188 So.2d 13 (Fla.1966). Hence, the crucial question is whether Ploof's cause of action against Norton arose in Georgia or Florida. After a careful review of the record, we agree with the district court that the law of Georgia, rather than Florida, controls in this instance. First, Ploof is bound by its judicial admission that the cause of action arose in Georgia and, second, choice of law principles dictate the application of Georgia law.
 
 
 5
 A federal court is obliged to apply the choice of law rule of the state in which it sits. Klaxon Co. v. Stentor Electrical Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Nordson Corp. v. Plasschaert, 674 F.2d 1371 (11th Cir.1982). The federal district court, therefore, had to determine the state in which the cause of action originated, that being the substantive law that a Georgia court would follow in this tort action.[2] Ploof alleged in its pleadings that the cause of action arose in Georgia.[3] Specifically, its third party complaint/counterclaim against Norton stipulated, "This court has jurisdiction and venue of this claim asserted herein against Farrington Texal, Division of Norton Company ... as this action is an ancillary claim and is brought in the judicial district in which the cause of action arises." Record at 8, (emphasis added). Ploof's first amended third party complaint/counterclaim contained the same express statement. Record at 68. In response, Norton, while denying liability, admitted that such claims, if any, arose in Georgia. The district court held that Ploof was bound by its own judicial admission. Record at 624. As a result, Ploof could not maintain its counterclaim under Georgia law, and the court correctly granted summary judgment to Norton. Id. This conclusion is consistent with the general rule that a party is bound by the admissions in his pleadings.[4] See State Farm Mutual Automobile Ins. Co. v. Worthington, 405 F.2d 683, 686 (8th Cir.1968); Giannone v. United States Steel Corp., 238 F.2d 544, 547 (3d Cir.1956); Hill v. FTC, 124 F.2d 104, 106 (5th Cir.1941). See also, Seven-Up Bottling Co. v. Seven-Up Co., 420 F.Supp. 1246, 1250-51 (E.D.Mo.1976), aff'd 561 F.2d 1275 (8th Cir.1977); Consolidated Rail Corp. v. Providence & Worcester Co., 540 F.Supp. 1210, 1220 (D.Dela.1982); Giles v. St. Paul Fire & Marine Insurance Co., 405 F.Supp. 719, 725 n. 2 (N.D.Ala.1975). In Hill v. FTC, the Court of Appeals for the Fifth Circuit stated, "judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." Id. 124 F.2d at 106. See also, Holiday Inns, Inc. v. Alberding, 683 F.2d 931, 935 (11th Cir.1982) (where the court held that in a dispute over "defendant's profits," a party was bound by its pretrial agreement stipulating its profits as "a defendant.") Ploof's admission in its pleadings is binding and conclusive to establish that the cause of action arose in Georgia.
 
 
 6
 Even though this judicial admission is sufficient reason to apply Georgia law, an analysis of Georgia's choice of law approach also supports the same result. Georgia follows the traditional rule that in tort actions, the law of the place of the injury--or lex loci delicti --governs the resolution of the substantive issues. Ohio Southern Express Co. v. Beeler, 110 Ga.App. 867, 868, 140 S.E.2d 235 (1965). Therefore, the court must determine the place "where the last act necessary to make an actor liable for an alleged tort [took] place." Cash v. Armco Steel Corp., 462 F.Supp. 272, 274 (N.D.Ga.1978), quoting Orr v. Sassaman, 239 F.2d 182, 186 (5th Cir.1957). See also, Whitaker v. Harvell-Kilgore Corp., 418 F.2d 1010 (5th Cir.1969).[5] Here, it is almost impossible to ascertain the location of the "last event" because the water damage occurred during several interstate shipments over the course of six months. The defective tarpaulins were used to cover truckloads of lumber products that passed through Florida, Georgia, Alabama, and South Carolina, as well as other states. This factual situation is similar to that in Baltimore Football Club, Inc. v. Lockheed Corp., 525 F.Supp. 1206 (N.D.Ga.1981), where the plaintiffs sued to recover damages resulting from defects in the frame of an airplane. That court observed that "[t]he statement of the rule [lex loci delicti ] is much more simple than its application in this case. The actual situs of the injury--i.e., the exact location of the airplane when the cracks occurred--is basically impossible to determine." Id. at 1208. The court decided in Baltimore Football Club that where the place of injury is fortuitous or indeterminate, the law of the place of manufacture should be given greater weight. Id. Likewise, because the place of injury is indeterminate in this case, we must look to the law of the place of manufacture. The tarpaulins were fabricated at Besco's plant in Georgia, and consequently, Georgia law would control the disposition of the issues.
 
 
 7
 Unable to press its warranty and strict liability claims against Norton, Ploof next sought to amend its pleadings to add a negligence counterclaim.[6] The court initially granted permission to amend pursuant to the provisions of Fed.R.Civ.P. 15(a),[7] Record at 702, but subsequently reconsidered and denied the motion. Record at 755. Ploof complains on appeal that the district court abused its discretion in refusing to allow the amendment.
 
 
 8
 This circuit recently stated in National Service Industries, Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir.1982) that "[t]he decision whether to grant leave to amend is within the sound discretion of the trial court, see Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1977), and is not automatic. Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir.1979), cert. denied, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980)." In this case, the district court carefully reconsidered its earlier ruling and painstakingly enunciated the rationale for denying Ploof's request to amend. The court examined the factors announced in Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir.1981):
 
 
 9
 In exercising its discretion the trial court may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.' Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).
 
 
 10
 The primary reason for disallowing Ploof's amendment was Ploof's undue delay in submitting the motion. The court emphasized that Ploof had waited until after the entry of an adverse summary judgment and after the close of a two-year discovery period. Moreover, the negligence theory had been repeatedly suggested to Ploof by the district judge. One such mention is contained in the court's order of September 30, 1980:
 
 
 11
 it is evident from its response to the motion for summary judgment that Ploof intends to add a negligence claim to its warranty/products liability claim against Norton. If this is the case, it must be done by means of a motion for leave to amend under Fed.R.Civ.P. 15(a).
 
 
 12
 Record at 588. Despite this notice and subsequent admonitions from the court, Ploof did not institute a negligence counterclaim during that interval. Two years later, Ploof still had offered no plausible excuse to demonstrate why it had foregone the opportunity to fully present its claims in a more timely fashion. Record at 719. This is particularly relevant since a prior summary judgment had been entered in favor of Norton. The court stated that the introduction of a new theory of recovery would only encumber the court with piecemeal litigation. See Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir.1967). Under these circumstances, where a movant's delay seriously hinders judicial economy and results in prejudice to his opponent, the burden shifts to the moving party to show good reason for the allowance of the amendment. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 n. 2 (5th Cir.1981). As stated, the district court expressly found that Ploof failed to shoulder that burden. We find no abuse of discretion in the district court's denial of the motion to amend.
 
 The judgment of the district court is
 
 13
 AFFIRMED.
 
 
 
 [1]
 Ploof styled its original pleading against Norton as a third party complaint, pursuant to Fed.R.Civ.P. 14(a). During the course of the litigation, the district court directed that the third party complaint be redesignated as a counterclaim. The alignment of the parties is unusual, but we find no error in the district court's characterization of the pleadings
 
 
 [2]
 Ploof's counterclaim is based on breach of implied warranties and strict liability in tort. Georgia still adheres to the lex locus delicti rule, and thus, a federal court in Georgia is bound to pursue that line of analysis
 
 
 [3]
 Additionally, Ploof never denied the allegation in Besco's original state court complaint that the parties contracted and executed their agreement in Georgia, with billing directed to Ploof's Florida office. Nor did Ploof ever contend that jurisdiction and venue did not properly lie in the Georgia court
 
 
 [4]
 See generally, 29 Am.Jur.2d, Evidence § 687 (Supp.1982); 30 Am.Jur.2d, Evidence § 1099 (1967) ("When an admission is treated as a matter of pleading excusing the pleader's opponent from offering evidence on the point admitted, the admission is necessarily conclusive." (Emphasis in original.)
 
 
 [5]
 In an earlier order which was superseded by the order now under review, the district court analyzed torts choice of law considerations, and concluded that the facts of this case "suggest a number of possible 'last events' " giving rise to liability. Record at 586. The court responded that the "last event" was not when Ploof obtained the defective tarpaulins or when the tarpaulins began to leak, but rather, liability attached when Ploof paid the claims submitted by its customers for water damage. The court stated that "until that time, the damages suffered by Ploof were merely speculative and could not have provided the basis for a claim. Since the payments were made by the Florida headquarters, it is the law of that state which should apply." Record at 587. We appreciate the district court's difficulty in pinpointing a particular place of injury, but we would reach a different conclusion in analyzing this factual scenario. The place of actual injury was where the water damage itself occurred, and not where the consequential claims were ultimately paid. As we discuss, infra, it is virtually impossible to designate the exact locale where the tarpaulins leaked, and therefore, it is proper to apply the law of the place of manufacture
 
 
 [6]
 Ploof also sought to assert a cause of action for negligence against Besco. The district court allowed the amendment as to Besco, but denied Ploof's motion for leave to amend its counterclaim against Norton. In its order of June 12, 1982, the court noted that Besco had not opposed the motion, and that timeliness concerns of Ploof's motion applied only to Norton. Record at 755
 
 
 [7]
 Fed.R.Civ.P. 15(a) provides that "[a] party may amend his pleading once as a matter of course ..." and otherwise "only by leave of court; ... and leave shall be freely given when justice so requires."