**HALLIBURTON & ASSOCIATES, INC.,**
**Plaintiff-Appellant,**

v.

**HENDERSON, FEW & CO.,**
**Defendants-Appellees.**

No. 85–3033
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 18, 1985.

**442**

Anthony J. LaSpada, Joseph A. Eustace, Jr., Tampa, Fla., for plaintiff-appellant.

John L. Lathan, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge:

This litigation involves a dispute between two securities dealers arising out of the purchase and sale of industrial development bonds. The issue on appeal is whether the district court abused its discretion in denying the appellant leave to amend its complaint. The amendment apparently was intended to defeat the appellee's motion to compel arbitration of the claims set forth in the complaint by adding nonarbitrable claims under the Securities Act of 1933. Because disputes between securities dealers are arbitrable, even if a plaintiff advances otherwise nonarbitrable claims under the Securities Act of 1933, the offered amendment could not defeat the motion to compel arbitration. Hence we conclude that the district court did not abuse its discretion in denying leave.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The appellant, Halliburton & Associates, Inc. (Halliburton), and appellee, Henderson, Few & Co. (Henderson), are both municipal securities dealers. The instant dispute relates to industrial development bonds issued in connection with a nursing home project in New Madrid, Missouri. Henderson purchased the bonds from Shearson Lehman American Express (Shearson Lehman) in February 1983. Halliburton purchased the bonds from Henderson between February 18, 1983 and April 21, 1983. Apparently all was not well with the nursing home project; the trustee had invaded the debt service reserve to pay the October 1, 1982 coupon and there were insufficient funds to honor the April 1, 1983 coupon.

Halliburton contends that at the time it purchased the bonds George Chilton, an

employee of Henderson, represented that the nursing home project and the bonds were sound. Henderson contends that Chilton merely relayed the representations that Shearson Lehman had made.

Halliburton filed a complaint against Henderson in state court in Florida, advancing claims under common law fraud, negligence, and contract. On the basis of diversity of citizenship, Henderson removed the case to federal district court. Henderson also initiated arbitration proceedings before the Municipal Securities Rulemaking Board. Chilton, Shearson Lehman, and Halliburton are all parties to the arbitration. Henderson then asked that the district court compel arbitration and stay the court proceeding. Halliburton countered with its motion for leave to amend its complaint, seeking to add Chilton as a party and to add claims under the Securities Act of 1933. Halliburton apparently believed that the Securities Act claims would not be arbitrable, and that under the law of this circuit at that time, the district court would refuse to compel arbitration and would try all the claims in court. The district court, however, denied leave to add the Securities Act claims. The court gave two reasons. First, Halliburton chose to initiate the action in state court without the Securities Act claims, and should be bound by that choice. Second, Halliburton had failed to advance reasons why the amendment should be allowed. The district court therefore denied leave and granted the motion to compel arbitration and stay the proceedings. Halliburton appeals.

## II. THE DISTRICT COURT'S ORDER

■ Federal Rule of Civil Procedure 15 provides that a party seeking to amend its complaint more than twenty days after service must seek leave of the court or written consent of the adverse party. The rule also states that "leave shall be freely given when justice so requires." Although the decision whether to grant leave is within the discretion of the district court, the rule contemplates that leave shall be grant-ed unless there is a substantial reason to deny it. *Epsey v. Wainwright*, 734 F.2d 748 (11th Cir.1984). Permission may be denied where leave would cause undue delay or prejudice to the opposing party, where prior amendments have failed to cure deficiencies, or if the motive of the amendment is dilatory. *Id.* at 750; *see also Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir.1983).

■ The first reason advanced by the district court is not a substantial reason. The district court noted that plaintiff chose to bring its action in state court, and that the Securities Act claims could have been a part of that proceeding, but plaintiff chose not to add them; had that proceeding gone to judgment, plaintiff would have been barred from litigating the federal securities claims. The district court's observations concerning what the plaintiff might have done are accurate, but do not constitute a reason to deny leave. Halliburton's choice of a state court forum was defeated by the removal. Once Halliburton found itself in federal court, it may well have decided a different litigation strategy was in order. Moreover, even had the proceeding remained in state court, Halliburton could have added the Securities Act claim; the Florida Rules of Civil Procedure contain a rule with the identical amendment provisions as Rule 15. Fla.R.Civ.P. 1.190.

■ The district court's second reason is also doubtful. The court observed that the plaintiff's request did not articulate reasons why leave should be granted. We note, however, that an amendment adding new claims and parties usually will speak for itself. During the course of pretrial proceedings new information may come to light, and in the exchange of pleadings new strategy may develop. In the current matter, the removal to district court may well have dictated a change in strategy. Although we believe it appropriate and advisable for a party to explain the reasons for its amendments, we do not believe that the failure to do so is by itself a substantial

reason to refuse an amendment that seeks to add closely related claims and parties.

## III.  FUTILITY OF THE AMENDMENT

■ Henderson contends that even if the reasons advanced by the district court are unconvincing, the court did not abuse its discretion as the offered amendments were futile.  If a complaint as amended is still subject to dismissal, leave to amend need not be given.  *Pan Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539 (5th Cir.1980), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981).[1]  Henderson argues that the federal securities claims appellant attempted to advance in the amended complaint were also arbitrable.  Thus the district court was correct in denying leave and compelling arbitration.

At the time of the proposed amendment adding presumably nonarbitrable claims to the litigation, this circuit's doctrine of "intertwining" was in effect.  Under that doctrine, when arbitrable and nonarbitrable claims arising out of the same transaction are sufficiently intertwined factually and legally, the district court could in its discretion deny arbitration on the arbitrable claims and try all the claims together in federal court.  Since the time the district court acted in this case, however, the Supreme Court decided *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), in which the Court rejected the intertwining doctrine.  The Court held that in the case of arbitrable and nonarbitrable claims under the securities laws, the district court should compel arbitration of arbitrable claims, and retain jurisdiction over the nonarbitrable claims.  The concurring opinion in *Byrd* suggested that neither proceeding should be delayed.  105 S.Ct. at 1245 (White, J., concurring).  This circuit, however, has not yet decided whether district court proceedings should be stayed pending completion of arbitration.  *Shihadeh v. Dean Witter Reynolds, Inc.,* 766 F.2d 461 (11th Cir. July 22, 1985).  We need not consider this ques-

tion because we hold in section IV, *infra,* that the claims offered in the amendment are arbitrable, and therefore there is no need for further proceedings in the district court.

## IV.  ARBITRABILITY OF DISPUTES BETWEEN SECURITIES DEALERS INVOLVING SECURITIES ACT CLAIMS

■ The Federal Arbitration Act, 9 U.S.C. §§ 1–14, provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The arbitration agreement in this matter is found in a rule of the Municipal Securities Rulemaking Board; the Board regulates municipal securities brokers and dealers; appellant and appellee are both members.  Appellant does not contest the applicability of the rule, but contends that under *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), claims under sections 12(2) and 15 of the Securities Act are not arbitrable.

It is *Wilko,* of course, that creates a tension between the Arbitration Act and the securities laws.  In *Wilko,* the Court held a pre-dispute arbitration agreement unenforceable with respect to claims under section 12(2) of the Securities Act.  The Court relied on section 14, which voids any "stipulation ... binding any person acquiring any security to waive compliance with any provision" of the Act, and section 12(2) which creates a special federal right to recover.  The Court also noted that the purpose of the Securities Act, protection of buyers, would be more effectively secured in judicial proceedings.  346 U.S. at 435, 74 S.Ct. at 186.

Under the law of this circuit, however, *Wilko* does not apply to disputes between two members of the New York Stock Exchange.  *Tullis v. Kohlmeyer & Co.,* 551 F.2d 632 (5th Cir.1977).  In *Tullis,* the plaintiffs were two partners in a failed firm

---

**1.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions

of the former Fifth Circuit rendered prior to October 1, 1981.

and sued the firm and individual members of the firm under several theories, including a claim under section 12(2) of the Securities Act. The court upheld application of an arbitration agreement that invoked the arbitration procedures of the Exchange.

The *Tullis* court relied on section 28(b) of the 1934 Act, 15 U.S.C. § 78bb(b), which provides that "nothing in this chapter shall be construed to modify any existing law" with regard to exchanges settling disputes among their members. The court found that this provision overcame the nonwaiver provisions of the 1933 Act, and noted that this indicated Congress's intent to preserve a major self-regulatory role for the exchanges. 551 F.2d at 638. The *Tullis* court also noted that due to the scope of the different remedial provisions in the securities laws, plaintiffs could easily avoid arbitration rules of self-regulatory bodies by stating their disputes in the terms of the 1933 Act. 551 F.2d at 638.

We believe that the *Tullis* decision is controlling. The current version of 15 U.S.C. § 78bb(b) specifically refers to the "procedure established by the Municipal Securities Rulemaking Board to settle disputes between municipal securities dealers and municipal securities brokers." This provision indicates that Congress intended that the Municipal Securities Rulemaking Board, and not the federal courts, would settle disputes between the parties in the current action. We can think of no reason, nor does appellant advance one,[2] why disputes between members of a stock exchange should be arbitrable, but disputes between municipal bond dealers should not be. Finally, we note that two members of the Supreme Court have called into question the scope of the *Wilko* doctrine. *Dean Witter Reynolds, Inc. v. Byrd,* 105 S.Ct. at 1244 (White, J., concurring) (questioning application of the *Wilko* doctrine to 1934 Act claims). In *Alberto-Culver Co. v.*

*Scherk,* 484 F.2d 611, 615–18 (7th Cir.1973), *rev'd* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), then Judge Stevens noted in dissent that there have been important developments "[i]n the two decades since the Supreme Court considered the collision between the two conflicting policies which made *Wilko v. Swan* such a close case." We hold, therefore, that the *Wilko* doctrine does not override the arbitration procedures of the Municipal Securities Rulemaking Board in disputes between two municipal securities dealers.

## V. CONCLUSION

The claims contained in the amendment to Halliburton's complaint are subject to the parties' agreement to arbitrate disputes before the Municipal Securities Rulemaking Board. Accordingly, the amendment was futile, and the district court did not abuse its discretion in denying leave, compelling arbitration and staying its own proceedings.

AFFIRMED.

---

**2.** The appellant does assert that the *Wilko* doctrine should apply, arguing that the purpose of the doctrine is to protect private investors, and that it would compensate many of its customers who purchased the bonds if it prevails in this action. The appellant, however, has not sought to bring a class action on behalf of bond pur-

chasers, nor is there any reason to believe that appellant would so use the funds, except for the statement in appellant's brief. In addition, we note that appellant would be no more or less obligated to compensate its customers after prevailing in district court than after prevailing in arbitration.