UNITED STATES of America, ex rel. and
Benny SANDERS, Plaintiffs,

v.

EAST ALABAMA HEALTHCARE
AUTHORITY, et al.,
Defendants.

Civil Action No. 95–D–446–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Sept. 24, 1996.

Redding Pitt, U.S. Attorney, Leura J. Garrett, U.S. Attorney's Office, Montgomery, AL, Frank W. Hunger, Asst. Attorney Gen., U.S. Department of Justice Civil Division, Washington, DC, Michael F. Hertz, Polly Dammann, Sara Strauss, Department of Justice Commercial Litigation Branch, Civil Div., Washington, DC, David J. Llewellyn, Atlanta, GA, K. Anderson Nelms, Montgomery, AL, for U.S.

David J. Llewellyn, Atlanta, GA, K. Anderson Nelms, Montgomery, AL, Hugh V. Smith, Jr., Hugh V. Smith, Jr., P.C., Montgomery, AL, for Benny Sanders and Max H. Stevens.

Ivan Wood, Scott G. Camp, Tonya A. Jacobs, Baker & Hostetler, Houston, TX, John V. Denson, II, Samford, Denson, Horsley, Pettey & Martin, Opelika, AL, James Eugene Williams, Melton, Espy, Williams & Hayes, P.C., Montgomery, AL, for East Alabama Healthcare Authority and Thurman Turner.

Robert M. Weinberg, Office of Attorney General, Montgomery, AL, for State Health Planning and Development Agency, State Health Coordinating Council, Alan Koch and Frank Williford.

Herman H. Hamilton, Jr., James Hill McLemore, Capell, Howard, Knabe & Cobbs, P.A., Montgomery, AL, Jeff Sessions, Attorney General, Office of the Attorney General, Montgomery, AL, William O. Butler, III, J. Richard Piel, Alabama Medicaid Agency, Montgomery, AL, Patricia A. Snyder, Redding Pitt, U.S. Attorney, Montgomery, AL, for Medicaid.

## ORDER

DE MENT, District Judge.

Before the court are several motions: (1) a motion to dismiss and strike; or in the alternative, motion for more definite statement and motion to abate for failure to join

indispensable parties filed on November 30, 1995, by Defendants East Alabama Healthcare Authority and Thurman Turner; (2) a motion to dismiss or, in the alternative, motion for more definite statement filed on November 30, 1995, by Defendants State Health Planning and Development Agency, State Health Coordination Council, Alan Koch, and Frank Williford; and (3) a motion to amend the complaint and add parties filed on February 8, 1996, by Plaintiff United States of America *ex rel.* Benny Sanders.[1] The parties filed responses to each of these motions: the Plaintiff's response to the Defendants' motions to dismiss was filed on January 12, 1996; a response to the Plaintiff's motion to amend was filed on February 26, 1996 by Defendants State Health Planning and Development Agency, State Health Coordinating Council, Alan Koch, and Frank Williford; a response in opposition to Plaintiff's motion to amend complaint and add new parties was filed on February 26, 1996 by East Alabama Medical Center and Thurman Turner; and a reply to the Plaintiff's response to the motions to dismiss was filed by East Alabama Medical Center and Thurman Turner on March 11, 1996. After careful consideration of the arguments of counsel, the caselaw and the record as a whole, the court finds that the Defendants' motions are due to be granted in part and denied in part and the Plaintiff's motion to amend the complaint and add parties is due to be granted.

## I. JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue.

## II. FACTUAL BACKGROUND

Plaintiff Benny Sanders ("Sanders") originally filed a complaint under seal on March 31, 1995, as a *qui tam*[2] relator under the False Claims Act. The False Claims Act was first passed by Congress in 1863 in an attempt to prevent government contractors from bilking the United States during the war between the states. *U.S. ex rel. Williams v. NEC Corp.*, 931 F.2d 1493, 1496–97 (11th Cir.1991). From its beginning in 1863, the act has allowed private persons, referred to as relators, to bring suit on behalf of the United States. *Williams*, 931 F.2d at 1497. The purpose of these *qui tam* provisions is to encourage private citizens who may know of fraud against the federal government to come forward. *Id.* The *qui tam* provisions encourage private citizen relators while also restricting their access to the courts through a series of jurisdictional bars. *Id.* at 1498.

Sanders' original complaint filed on March 31, 1995, alleges that the Defendants violated several provisions of the False Claims Act by submitting false claims for reimbursement under the Medicaid and Medicare programs. Sanders claims that these reimbursement claims are false because the Defendants had failed to meet all the requirements which a Medicare or Medicaid claimant represents are met when medical providers file a claim. Specifically, Sanders claims that these reimbursement claims were based upon an improperly obtained Certificate of Need ("CON") which allowed East Alabama Healthcare Authority to operate and receive reimbursement for 106 additional beds at East Alabama Medical Center.

The United States declined to intervene in the action in a motion filed on September 29,

---

1. Parties to this action are Defendants: East Alabama Healthcare Authority, Thurman Turner, State Health Planning and Development Agency, State Health Coordination Council, Alan Koch, and Frank Williford. The Plaintiff is the United States which is represented by Benny Sanders who is acting as the "relator" in this action. A "relator" is someone who represents or relates the United States case in an action against a fraudulent government supplier. *United States ex rel. Detrick v. Daniel F. Young, Inc.*, 909 F.Supp. 1010, 1012 n. 2 (E.D.Va.1995) ("A 'relator' is simply an informer plaintiff, that is, a person with evidence of fraud on the government who is permitted to institute a damages suit in the government's name against those who perpetrated the fraud.") (citing BLACK'S LAW DICTIONARY 1158 (5th ed. 1979)).

2. The phrase *qui tam* is taken from the Latin expression *qui tam pro domino rege quam pro se ipso in has parte sequitur* which means " 'who brings the action for the king as well as for himself.' " *Detrick*, 909 F.Supp. at 1012 n. 1 (quoting William Blackstone, COMMENTARIES ON THE LAW OF ENGLAND 160 (1768)).

1995. Therefore, Sanders may continue to represent the interests of the government subject to the government's continued right of intervention. On February 8, 1996, Sanders filed a motion to amend the complaint and filed a proposed First Amended Complaint. The First Amended Complaint added another plaintiff-relator, Max H. Stevens ("Stevens"), to the action and added a new defendant, Terry Andrus, to the original complaint. The proposed complaint also stated the original claim in a different format and added a claim against the Defendants. Stevens alleges that the Defendants East Alabama Healthcare Authority and Terry Andrus violated a series of state and federal laws which invalidate any subsequent efforts to receive reimbursement under either the Medicare or Medicaid programs. However, according to Stevens, these two Defendants continued to submit claims for reimbursement which violated the False Claims Act.

## III. DISCUSSION

### A. AMENDMENT OF THE PLAINTIFF'S COMPLAINT

The decision to grant leave to amend a complaint is within the sole discretion of the district court. Fed.R.Civ.P. 15. Rule 15(a) of the Federal Rules of Civil Procedure, however, limits the court's discretion by mandating that " . . . leave shall be freely given when justice so requires." *See Halliburton & Associates v. Henderson, Few & Co.,* 774 F.2d 441 (11th Cir.1985). Therefore, there must be a substantial reason to deny a motion to amend. *Id.* Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

 The court has searched the record for any evidence of bad faith, prejudice to the adverse parties or undue delay and has found none.[3] The court does not agree with Defendants East Alabama Healthcare Authority and Thurman Turner that 31 U.S.C.A. § 3730(b)(5) (West 1996) bars the amendment of the original complaint and addition of new parties. While § 3730(b)(5) prohibits persons other than the government from intervening or bringing a related action "based on the facts underlying the pending action," it does not automatically bar the addition of new parties. *U.S. ex. rel. Precision Co. v. Koch Industries,* 31 F.3d 1015 (10th Cir. 1994). Instead, an intervening party may avoid the bar of § 3730(b)(5) by either being related to the original plaintiff or sharing a common question of law or fact with the original plaintiff. *Id.* at 1017–18. In this instance, Max Stevens' ("Stevens") claim is based on a common question of law and/or fact as that of the original plaintiff. Stevens' claim centers on the allegedly fraudulently obtained federal payments received by East Alabama Healthcare Authority which is also the basis of Sanders' original claim. Therefore, Stevens' claims escape the bar of § 3730(b)(5) and may be added to the claims of Sanders. The court, therefore, finds that Sanders' motion to amend the complaint and add parties is due to be granted.[4]

### B. LACK OF SUBJECT MATTER JURISDICTION

 Lack of subject matter jurisdiction may be asserted by either party or the court, *sua sponte,* at any time during the course of an action. Fed.R.Civ.P. 12(b)(1). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert denied,* 449 U.S. 953,

---

**3.** The Defendants East Alabama Healthcare Authority and Thurman Turner allege in one sentence that Benny Sanders unduly delayed in adding Max Stevens because "Stevens has been cooperating with [Sanders]" prior to the filing of the original complaint. The court declines to find undue delay based upon this unsupported allegation.

**4.** The court construes each of the Defendants' motions as including Stevens as well as Sanders where appropriate.

101 S.Ct. 358, 66 L.Ed.2d 217 (1980).[5] There are two forms of 12(b)(1) attacks on subject matter jurisdiction: facial and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990). Facial attacks " 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' " *Id.* at 1529. (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d at 511).

■■■ Factual attacks, on the other hand, focus not on the pleadings but on the existence of subject matter jurisdiction "in fact," and the court considers matters other than the pleadings such as affidavits. *Id.* at 1529. The court finds that the Defendants have launched a factual attack on Sanders' complaint. Therefore, the court no longer presumes that the plaintiff's allegations are true and instead is " 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' " *See id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)).

The Eleventh Circuit has placed definite limits on a trial court's discretion when dealing with this type of jurisdictional attack. For instance, in *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir.1982), the Eleventh Circuit reversed the district court's dismissal and remanded the case for additional discovery of jurisdictional facts. In *Eaton*, the Eleventh Circuit noted that a decision on the jurisdictional merits of the case was "inextricably intertwined" with the merits of the case. *Id.* at 734. Similarly, in a 1990 decision, the Eleventh Circuit held that the pivotal question under the factual attack was also a key question concerning the case's merits. *Lawrence v. Dunbar*, 919 F.2d 1525. In reversing the district court's dismissal, the *Lawrence* court stated that a trial court should only dismiss a plaintiff's claim on a jurisdictional basis where the claims are " 'clearly immaterial, made solely for the purpose of obtaining jurisdiction or

are wholly unsubstantiated and frivolous.' " *Id.* at 1530 n. 7.

■■■ In reliance on this clear precedent, the court finds that the motion to dismiss on jurisdictional grounds is due to be denied. Although all of the Defendants have extensively briefed and cited jurisdictional bars to Sanders' claims, these issues are closely related to the merits of this case and are, therefore, better addressed following a more thorough gathering of evidence by the parties in the form of discovery proceedings.

## C. FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986) (citing *Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The Court of Appeals for the Eleventh Circuit has held that "motions to dismiss for failure to state a claim should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam,* 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Servs.,*

---

**5.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prich-* *ard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

*Inc.*, 680 F.2d 103, 104 (11th Cir.1982)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ The court finds that East Alabama Healthcare Authority and Thurman Turner's motion to dismiss based on the plaintiffs' failure to state a claim is due to be denied in part and granted in part. As part of their amended complaint, the Plaintiffs allege that the Defendants are liable for "conspir[ing] with others to defraud the United States Government in order to obtain approval of a false or fraudulent claim." Pl.'s Compl. ¶¶ 35(c), 40(c). These Defendants claim that the portion of the plaintiff's complaint dealing with 31 U.S.C. § 3729(a)(3) is due to be dismissed.[6] These Defendants correctly note that such a claim must be supported by an allegation of an agreement among the parties allegedly involved in the conspiracy. Absent such an allegation, a claim under 3729(a)(3) is due to be dismissed for failure to state a claim. *U.S. ex rel. Stinson v. Provident Life*, 721 F.Supp. 1247, 1259 (S.D.Fla.1989). The court can find no allegation of an agreement in the plaintiffs' first amended complaint and, therefore, dismisses the plaintiffs' claims based upon § 3729(a)(3) without prejudice and grants the plaintiffs leave to amend within fourteen days of this order.

Defendants East Alabama Healthcare Authority and Turner also contend that the plaintiff has failed to state a claim under § 3729(a)(1).[7] Def.'s Mot. Dismiss Br. III. B.3. (p. 32–33); Def.'s Reply Pl.'s Resp. Def.'s Mot. to Dismiss III.C.3. (p. 15). These Defendants insist that the Plaintiff has failed to allege two of the four essential required elements in a 3729(a)(1) action: (1) that the claim was false; and (2) that the government was actually injured by any claims. *Id.* (citing *Young–Montenay, Inc. v. United States*, 15 F.3d 1040, 1043 (Fed.Cir.1994)).

■ In their first amended complaint the Plaintiffs allege that all Medicare and Medicaid claims must be in compliance with state regulations before such claims may be submitted for payment by federal agencies. Pl.'s First Am. Compl. ¶ 34 (citing 42 C.F.R. §§ 491.1, 491.4, 482.11(a)). The C.F.R. sections cited by the Plaintiffs generally state that a hospital must meet state and local laws and specifically state that a hospital must meet "standards for licensing established by the agency of the State or locality responsible for licensing hospitals." *Id.* (quoting 42 C.F.R. § 482.11(b)(2)). Therefore, according to the Plaintiffs, the submission of Medicare and Medicaid claims by an improperly licensed hospital constitutes the submission of false claims.

The Defendants disagree and rely heavily on *United States ex rel. Pogue v. American Healtcorp, Inc., et al.*, 1995 WL 626514 (M.D.Tenn. Sept. 14, 1995) ("*Pogue I*"), *vacated*, 914 F.Supp. 1507 (M.D.Tenn.1996) ("*Pogue II*"), to support their position that the submission of such claims is not necessarily false.[8] The *Pogue I* court held that claims submitted in knowing violation of federal anti-kickback statutes do not constitute false claims absent a showing that the underlying services were "unnecessary, not rendered, or that there was some other miscalculation with regard to the care provided to the patients." *Id.* at *6. However, in *Pogue II*, the court vacated its prior dismissal order and followed the great weight of authority which does not require the showing of actual governmental injury.[9] For example, the

---

**6.** Section 3729(a)(3) imposes liability on "[a]ny person who conspires to defraud the Government by getting a false or fraudulent claim allowed or paid."

**7.** Section 3729(a)(1) imposes liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval."

**8.** The Defendants do not admit a failure to comply with state licensing procedures.

**9.** When Thurman Turner and East Alabama Healthcare Authority first submitted their motions, the *Pogue I* decision was valid. However, in their March 11, 1996 reply brief, Turner and East Alabama once again cited *Pogue I*. *Pogue II* had been issued on January 5, 1996, and a simple Shepard or electronic search would have alerted Thomas and East Alabama that *Pogue I* was no longer valid authority. It is apparent to the court that Thomas and East Alabama did not check their authority in preparation for submission of their March reply brief. Such inattention to detail is unacceptable.

Fifth Circuit rejected an almost identical argument[10] and focused on the falsity of a claim "which might result in financial loss to the Government." *Peterson v. Weinberger*, 508 F.2d 45, 52 (5th Cir.1975); *see also Ab-Tech Construction v. United States*, 31 Fed. Cl. 429, 433–34 (Cl.Ct.1994) (holding that claims were false where a government contractor presented claims which "represented an implied certification" that the contractor was in compliance with a minority business program when, in fact, the contractor was not in compliance with the program). Judge Propst of the Northern District of Alabama also found that civil penalties under the False Claims Act may be imposed based upon the "knowing submission of a false claim" even absent actual proof of damage to the government. *U.S. ex rel. Luther v. Consolidated Industries*, 720 F.Supp. 919, 922–23 (N.D.Ala.1989) (separating injury inquiry from falsity inquiry).

This court finds that the knowing submission of a claim that falsely represented attainment of state licensing requirements is enough to constitute a false claim.[11]

▌ These Defendants also contend that the Plaintiffs have failed to allege how the United States was injured by the actions of the Defendants. Def.'s Resp.Opp.Pl.'s Mot. Am. ¶ III.D.4 (p. 9–10). Once again, these Defendants mistakenly rely on the *Pogue I* decision which stated that the plaintiff had shown no injury to the United States where there was no showing that the services were unnecessary or that the treatment would not have been rendered elsewhere and properly reimbursed by the government. *Pogue*, 1995 WL 626514, at *6. However, this reliance is misplaced as shown by *Pogue II* and several other decisions.

In a situation similar to the instant controversy, the Fifth Circuit dealt with a provider who had submitted bills falsely stating that a physician had rendered or supervised all treatment. *Peterson*, 508 F.2d at 47–49, 52. Despite this falsification, the defendants contended that the United States had not been injured because the services were covered by Medicaid and the patients had a statutory right to these services from a qualified provider. *Id.* at 52. In other words, even if the defendant provider falsified the claim form, Medicaid would have had to pay this money to another provider so there was no net loss to the government. *Id.* However, the Fifth Circuit disagreed and did not even mention the amount of federal injury in ruling against the defendants. *Id.*

Subsequent decisions have expanded on this analysis and clarified the required proof of damages. In *Ab-Tech Construction*, the defendant contractor misrepresented that it was in compliance with a minority-owned business program. 31 Fed.Cl. at 431–33. The defendant contractor completed the contract as required under the terms of the contract and the United States could not demonstrate an actual dollar loss due to the defendant's misrepresentation. *Id.* at 434–35. Nevertheless, the court approved the government's request for statutory damages of $10,000 per false claim. *Id.* (Section 3729(a) provides a civil penalty "of not less than $5,000 and not more than $10,000."). However, the *Ab-Tech* court also rejected the government's demand for damages three times the amount paid for the construction project. *Id.* at 434. This request was rejected because the project was properly completed and the government could not show that it had been financially damaged by the misrepresentation. *Id.*

---

10. The defendants argued that:
"[T]he Act was not violated because the therapy services were performed by qualified people, the patients receiving these services were entitled to them under Medicare, there was no financial loss to the Government, and the monies paid by the Government were therefore a liability which the Government was statutorily obligated to pay."
*Peterson v. Weinberger*, 508 F.2d 45, 52 (5th Cir. 1975).

The court answered by simply stating that "[t]his argument is unsound." *Id.*

11. The court does not address the additional allegations brought by Stevens in the first amended complaint because these allegations were not addressed by the Defendants in their submissions, and they are less controversial in that if true they would probably exhibit an actual injury to the government.

Similar logic was applied by an Eleventh Circuit district court dealing with a similar dispute over damages. In *U.S. ex rel. Luther v. Consolidated Industries,* 720 F.Supp. 919 (N.D.Ala.1989), Judge Propst of the Northern District of Alabama found that the government was allowed to recover civil penalties where no damages have been proven while prohibiting the recovery of treble damages unless actual damages are proved. *Luther,* 720 F.Supp. at 923–24; *see also, Pogue II,* 914 F.Supp. at 1513 ("actual loss is not a necessary element of establishing a claim under the False Claims Act"). The court adopts the findings in *Ab–Tech* and *Luther* and finds that the Plaintiffs are not required to allege actual injury and their allegation of falsity is sufficient to prevent dismissal of the claims under § 3729(a)(1). However, absent proof of actual damages to the United States, the Plaintiffs will not be entitled to treble damages and must resort solely to civil penalties. *See also, U.S. ex rel. Hagood v. Sonoma County Water Agency,* 929 F.2d 1416, 1421 (9th Cir.1991) (holding that "no damages need to be shown in order to recover the [civil] penalty"). Therefore, the motion to dismiss the Plaintiffs's claims based upon § 3729(a)(1) is due to be denied.

■ Defendants Thurman Turner and East Alabama Healthcare Authority also claim that the Plaintiff Sanders has failed to properly exhaust administrative remedies for disputing East Alabama Healthcare Authority's CON. *E.g.,* Def.s' Mot. Dismiss Br. III.B.1. (p. 25–31). While the CON plays a very important role in this entire dispute, the Plaintiffs are not, per se, attacking its issuance. Instead, the Plaintiffs are attacking the submission of Medicare and Medicaid claims in reliance on an improperly obtained CON.[12] Pl.s' First Am. Compl. ¶¶ 16–34, 38–39. Therefore, the court finds that the Plaintiffs are not required to exhaust state prescribed administrative remedies but, instead, must meet the procedural requirements of

the False Claims Act.[13] Therefore, the motion to dismiss based upon a failure to exhaust administrative remedies is denied.

### D. MOTION TO STRIKE

The motion to strike by Defendants East Alabama Healthcare Authority and Thurman Turner is construed as a motion to dismiss since in effect these defendants seek to strike the entire complaint. Therefore, this motion is resolved in the sections of the order dealing with the Defendants' motions to dismiss and is due to be denied as moot.

### E. STATUTE OF LIMITATIONS

■ The statute of limitations for claims under the false claims act is two-pronged. 31 U.S.C.A. § 3731(b) (West Supp.1996). The first prong requires that claims must be brought within six years of the date of the violation; under the second prong, claims must be brought within three years after the material facts are known or should have been known, but in no case more than ten years following the commission of the violation. *Id.* This action was filed on March 31, 1995, more than fifteen years after the initially alleged fraudulent securing of the CON. *See supra* part II. However, the complaint, both in its original and amended form, is based upon past, present, and future payments by the United States Government to East Alabama Healthcare Authority. Pl.s' First Am. Compl. ¶¶ 30, 35, 39(h), 40. As mentioned earlier, the allegedly fraudulent CON is the basis for the allegedly false claims, but the CON itself is not the actual subject of the complaint.

Therefore, any evaluation of the False Claims Act statute of limitations must focus on the requests for federal reimbursement and not on the date that the CON was granted. Under this analysis, several points become quickly clear. First, no claim more

---

12. Plaintiff Stevens' claims are based not only on the allegedly improperly issued CON but also on other instances in which CONs were not requested in contravention of state procedures. Pl.s' First Am. Compl. ¶ 39(e)-(g).

13. While the Plaintiffs are only required to meet the requirements of the False Claims Act, they

are also unable to seek relief outside the act such as might have been requested in Sanders' second claim for relief in the original complaint. *See also* Def.s' Mot..Dismiss Mot. Definite Statement ¶ 8 (p. 4) (Court need not rule on this portion of the motion because the Plaintiffs' First Amended Complaint no longer requests such relief.).

than ten years prior to the date that Sanders filed the original complaint is actionable under the False Claims Act. Second, the Plaintiffs must show that some or all of the Defendants fraudulently concealed a false claim in order to fully utilize the statute of limitations. The Plaintiffs must also show that they acted within three years of learning of facts material to the false claim or within three years of the time in which the government official responsible for this area knew or should have known that false claims were submitted. In addition, if the Plaintiffs are unable to prove fraudulent concealment occurred, then the Defendants are only responsible for any false claims that occurred within six years of the filing of the original complaint.

The original complaint was filed on March 31, 1995 so the Plaintiffs may not succeed on a claim attacking claims submitted before March 31, 1985. If the Plaintiffs are unable to prove that false claims were fraudulently concealed, then the Plaintiffs may not prevail on any claim prior to March 31, 1989. In addition, the Plaintiffs must show that claims on any fraudulently concealed reimbursement claims were brought within three years of the date of discovery.

The court declines to rule further on the statute of limitations issue at this time as there are factual situations in which the Plaintiffs may bring qui tam claims that fall within any of the categories previously identified. Final determinations on the legal sufficiency of the Plaintiffs' claims vis a vis the statute of limitations will be made once discovery has been undertaken. Until that time, the Defendants' motions to dismiss based upon the statute of limitations is due to be granted in part and denied in part as shown above.

### F. ELEVENTH AMENDMENT IMMUNITY

■ The court finds that the Eleventh Amendment provides no protection for the Defendants. In a *qui tam* action the United States is a real party in interest even if the United States forgoes its right to intervene and allows the *qui tam* plaintiff to pursue the action alone. *United States ex rel. Milam v.*

*University of Tex. M.D. Anderson Cancer Center,* 961 F.2d 46 (4th Cir.1992). Therefore, the court holds that this action is not violative of the Eleventh Amendment and denies the Defendants' motions to dismiss based upon the Eleventh Amendment.

### G. FAILURE TO PLEAD FRAUD WITH PARTICULARITY

■ Federal Rule of Civil Procedure 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This provision applies to pleadings in False Claim Act actions. *Cooper v. Blue Cross and Blue Shield of Fla.,* 19 F.3d 562, 566–67 (11th Cir.1994); *U.S. v. Napco Intern., Inc.,* 835 F.Supp. 493, 495 (D.Minn.1993); *U.S. ex rel. Stinson, Lyons v. Blue Cross,* 755 F.Supp. 1055, 1056 (S.D.Ga.1990) ("Stinson II"). This requirement may be relaxed somewhat if the defendant controls information required for proper pleading. *U.S. ex rel. Stinson, Lyons v. Blue Cross,* 755 F.Supp. 1040, 1052 (S.D.Ga.1990) ("Stinson I"). However, even in these cases the complaint must still " 'adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard' " and it must also " 'allege that the necessary information lies within the defendant's control, and then allegations must be accompanied by a statement of facts upon which allegations are based.' " *Id.* (citations omitted).

■ Sanders' original complaint was attacked by the Defendants as vague and nonspecific. The Defendants have renewed their charges with respect to the Plaintiffs' first amended complaint and for good reason. While the Plaintiffs list all of the Defendants in their first amended complaint, the Plaintiffs mention some of the Defendants only in passing and even then allege no fraud on the part of these Defendants. The court finds that the Plaintiffs have failed to specifically allege fraud on the part of the State Health Planning and Development Agency, the Statewide Health Coordinating Council, and Frank Williford.

■ In addition, the allegations of fraud in connection with the False Claims Act con-

cerning Alan Koch and Thurman Turner are inadequate. While the Plaintiffs' First Amended Complaint alleges that Turner and Koch acted inappropriately during the CON procurement process, the court finds that the complaint does not tie these acts to the submission of false claims or another activity prohibited by 31 U.S.C. § 3729(a). The Plaintiffs acknowledge as much when they claim that only Terry Andrus and East Alabama Healthcare Authority have violated provisions of the False Claims Act in paragraphs 35 and 40 of the First Amended Complaint.

 With regards to the Plaintiffs' allegations against Terry Andrus and East Alabama Healthcare Authority in Count I of the First Amended Complaint, the court finds that the Plaintiffs have not met the requirements of Rule 9(b) with regards to Defendant Terry Andrus and only barely met these requirements for Defendant East Alabama Healthcare Authority. Count I of the amended complaint does not specifically allege Terry Andrus's involvement in improperly obtaining the CON and subsequent fraudulent submission of reimbursement claims. It does place East Alabama Healthcare Authority in the midst of the CON process and clearly claims that East Alabama submitted false claims. However, the link between the allegedly false claims submitted by East Alabama Healthcare Authority and the CON process is only tenuously made in Count I of the amended complaint. However, the court finds that the link is sufficiently made and the amended complaint provides the "'time, place, and substance of [East Alabama Healthcare Authority's] alleged fraud.'" *Cooper*, 19 F.3d at 567 (quoting *Durham v. Business Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988)). The court further finds that the allegations against East Alabama Healthcare Authority and Terry Andrus in Count II contained in paragraphs 36–40 of the First Amended Complaint comply with the requirements of Rule 9(b).

Despite finding that the Plaintiffs' First Amended Complaint fails to comply with the requirements of 9(b) in respect to several of the Defendants, the court does not grant the Defendants' dismissal motions but, instead, allows the Plaintiffs fourteen days from the date of this order to amend their complaint as required by 9(b) or face dismissal of the inadequate portions described above.[14] The Plaintiffs will not be allowed to conduct discovery during this time and must amend their complaint based on their own knowledge. If the Plaintiffs are unable to meet the requirements of Rule 9(b) within this time, then the court will grant the Defendants' motions as detailed above.

### H. MOTION FOR MORE DEFINITE STATEMENT

The Defendants' motions for a more definite statement are mooted by the court's finding concerning the requirements of Rule 9(b) and other portions of this order. Therefore, the court finds that the Defendants' motion for a more definite statement is due to be denied as moot.

### I. REQUEST FOR ATTORNEYS' FEES

 The court finds that the Defendants State Health Planning and Development Agency, State Health Coordinating Council, Alan Koch, and Frank Williford's motion for attorneys' fees is due to be denied. While Sanders and others have been engaged in a continuing struggle with several of the Defendants, the court finds that the Plaintiffs' First Amended Complaint is not "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment" as required by 31 U.S.C.A. § 3730(d)(4) (West 1996).

### J. MOTION TO ABATE FOR FAILURE TO JOIN INDISPENSABLE PARTIES

The court finds that the Defendants Thurman Turner and East Alabama Healthcare Authority's motion to abate for failure to join indispensable parties is due to be denied. Previous portions of this order and opinion

---

**14.** The court's holding roughly parallels the decision in *Stinson* I. *See Stinson*, 755 F.Supp. at 1053.

have demonstrated that the Plaintiffs have joined all parties necessary for the prosecution of their actions. Therefore, the court finds that this motion is due to be denied.

### III. CONCLUSION

The parties to this action have brought before the court a number of motions. The court has addressed each of these motions and rendered decisions in each. The court has also given the Plaintiffs fourteen days in which to amend their claim to avoid dismissal of various claims.

Accordingly, it is CONSIDERED and ORDERED that:

(1) Sanders' motion to amend the complaint and add new parties be and the same is hereby GRANTED;

(2) the Defendants' motion to dismiss based upon lack of subject matter jurisdiction be and the same is hereby DENIED;

(3) the Defendants' motion to dismiss based upon a failure to state a claim be and the same is hereby GRANTED in part and DENIED in part;

(4) the Defendants' motion to strike be and the same is hereby DENIED as moot;

(5) the Defendants' motion to dismiss based upon the statute of limitations for the False Claims Act be and the same is hereby GRANTED in part and DENIED in part;

(6) the Eleventh Amendment does not provide immunity for the Defendants in this action;

(7) the Defendants' motion to dismiss based upon a failure to plead fraud with specificity be and the same is hereby DENIED pending receipt of the Plaintiffs' amended complaint within fourteen days of this order;

(8) the Defendants' motion for a more definite statement be and the same is hereby DENIED as moot;

(9) the Defendants' motion for attorneys fees be and the same is hereby DENIED;

(10) the Defendants' motion to abate for failure to join indispensable parties be and the same is hereby DENIED.