Christi L. MORROW, individually and on behalf of all others similarly situated, Plaintiff,

v.

GREEN TREE SERVICING, L.L.C, et al., Defendants.

Civil Action No. 2:04cv873–T.

United States District Court, M.D. Alabama, Northern Division.

Feb. 11, 2005.

Jere L. Beasley, Roman Ashley Shaul, Wilson Daniel Miles, III, Beasley, Allen, Crown, Methvin, Portis & Miles PC, Montgomery, AL, William Richard Davis, Davis, Rayborn, Herrington, & Prescott LLC, Montgomery, AL, for Plaintiff.

R. Austin Huffaker, Jr., Robert C. (Mike) Brock, Rushton, Stakely, Johnston & Garrett PC, Montgomery, AL, for Defendants.

### ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Christi L. Morrow brings this lawsuit under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.A. §§ 201–219, and state law against defendants Green Tree Servicing, L.L.C., Conseco Finance Corp.-Alabama, and Conseco Finance Servicing Corp. for not properly compensating Morrow and other similarly situated employees, as well as for breach of contract, unjust enrichment, and fraudulent concealment.[1] According to Morrow, the defendants illegally required her and other collection managers to work in excess of 40 hours a week without paying them 1½ times their regular rate of pay. This lawsuit is before the court on the defendants' motion to dismiss the complaint or, in the alternative, to have Morrow plead with more specificity. For the reasons that follow, the court grants, in part, the defendants' motion.

### I. MOTION–TO–DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232. Finally, a motion to dismiss may be granted as to only part of a complaint and denied as to the remainder. *See, e.g., Chepstow Ltd. v. Hunt,* 381 F.3d 1077 (11th Cir.2004) (reversing district court's dismissal of some of plaintiff's claims, while affirming dismissal of other claims); *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 115 (2d Cir.1982) ("a Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder"); *see also* 5C Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1358.

### II. DISCUSSION

#### A. Effect of Bankruptcy Protection

Conesco Finance Corp.-Alabama and Conesco Finance Servicing Corp. (later known as Green Tree–AL, L.L.C., and Green Tree Servicing L.L.C., respectively)[2] filed for bankruptcy protection in late 2002 and early 2003.[3] In September 2003, the bankruptcy court confirmed a plan of reorganization. Morrow and the defendants now agree that this plan discharged the defendants from all claims and liabilities arising out of conduct occurring before September 15, 2003, even though Morrow's complaint seeks damages for alleged wrongdoing dating back to September 15, 2001.[4] Yet such limitation is not fatal to

---

1. According to the defendants, Green Tree Servicing, L.L.C., and Green Tree–AL, L.L.C., were formally known as Conseco Finance Servicing Corp. and Conseco Finance Corp.-Alabama, respectively. Their names and corporate structures were changed in 2003.

2. *See supra* note 1.

3. Memorandum Brief in Support of the Defendants' Motion to Dismiss (doc. no. 7), Exs. A & B, Voluntary Petitions for Bankruptcy.

4. Complaint (doc. no. 1), ¶ 7.

Morrow's complaint because she alleges that the defendants' wrong-doing continued until September 15, 2004. The reorganization plan, therefore, does not bar claims against the defendants for acts committed between September 15, 2003, and September 15, 2004.

### B. FLSA Claim

■ The defendants put forth multiple reasons why Morrow's FLSA claim is too vague, the first of which is that Morrow has failed to plead which section of the FLSA the defendants allegedly violated. In response, Morrow points out that, "although the complaint does not specify the exact subsection of the FLSA the Defendants violate[d], it clearly alleges that the violation concerns the 'overtime' provision." [5]

In fact, the complaint mentions and provides the United States Code sections for the whole FLSA and then goes on to state that:

"Defendants have had a uniform policy and practice of consistently requiring [their] collections managers to work in excess of 40 hours without paying them one and one-half times their regular rate of pay. Although the collections managers are compensated on a salary basis, the[y] have little or no discretion and spend a great deal of their time performing the same job duties as the hourly employees." [6]

The complaint's details regarding the 40–hour work week and the pay rate of 1½ times that of the hourly employees clearly invoke specific sections of the FLSA, which forbids, for a certain category of employees, "a workweek longer than forty hours" unless "such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a). The defendants offer no case law supporting the notion that Morrow's pleading must cite a specific subsection of the FLSA, and such argument runs counter to the "liberal pleading standards of Rule 8(a)(2)" of the Federal Rules of Civil Procedure, *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir.2004), according to which a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R. Civ. P. 8(a)(2).

■ The defendants next argue that Morrow failed to specify which of the defendants was her employer. Yet "when multiple defendants are named in a complaint, the allegations can and usually are to be read in such as way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir.1997). Lest there be any confusion, the complaint states: "Defendants were the 'employer' of Plaintiff.... Plaintiff was an 'employee' of Defendants." [7] Whether it is possible for all three defendants to have been Morrow's employer during the specified time periods is a factual issue that cannot be resolved on the pending dismissal motion; but there is no ambiguity as to whom Morrow alleges to have been her employer.

■ Finally, the defendants claim that Morrow's complaint is insufficient because Morrow does not provide the dates upon which she asserts that she was not properly paid overtime. Yet the complaint specifies the time period as "at least three (3) years prior to the filing of this complaint." [8] The defendants seem to argue

---

5. Plaintiff's Response to Defendant's Motion to Dismiss (doc. no. 9), ¶ 2.

6. Complaint (doc. no. 1), ¶ 7.

7. *Id.,* ¶¶ 10–11.

8. *Id.,* ¶ 7.

that Morrow must provide particular days upon which overtime pay was not paid; however this level of specificity, again, runs counter to the liberal standards of notice pleading. *See, e.g., Donovan v. Hotel Pharmacy, Inc.*, 1982 WL 2183, at *1 (S.D.Fla. May 28, 1982) ("The complaint states that 'since July 21, 1978, Defendants repeatedly and willfully violated the provisions of' the Fair Labor Standards Act. This allegation sufficiently states the time of the offense.").

In sum, the portion of the complaint dealing with the FLSA claim is more than adequate to "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

### C. Fraudulent Concealment Claim

■ Paragraph 24 of the complaint states that, "Defendants fraudulently concealed the non-exempt status of Plaintiff...."[9] The defendants argue that this claim does not satisfy the requirements of F.R. Civ. P. 9, according to which "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." F.R. Civ. P. 9(b).

■ Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997) (quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). Its requirements may be satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Brooks*, 116 F.3d at 1371 (internal quotation omitted).

■ Yet " 'Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief.' " *Id.* (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 225 (S.D.N.Y.1989)); *see also Durham*, 847 F.2d at 1511 (stating that "[t]he application of [Rule 9(b)] must not abrogate the concept of notice pleading."). For instance, the heightened pleading requirement of Rule 9(b) "may be relaxed somewhat if the defendant controls information required for proper pleading." *United States ex rel. Sanders v. East Ala. Healthcare Auth.*, 953 F.Supp. 1404, 1413 (M.D.Ala.1996).

Even after having given due weight to the liberal requirements of notice pleading discussed above, the court finds that Morrow's pleading of fraudulent concealment is inadequate. Morrow's allegation consists of one sentence and provides no "details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir.1994) (finding claim that made only general, conclusory allegations of fraud to be inadequate). Some further level of precision, other than a blunderbuss allegation, is necessary. *See, e.g., Seville Indus. Mach. Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984) (holding that, although plaintiff did not list dates, places or times of fraudulent acts,

---

**9.** *Id.,* ¶ 24.

he nonetheless "adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces of machinery that were the subject of the alleged fraud.").

■ Furthermore, Morrow does not assert that her failure to provide further details regarding any alleged fraudulent concealment was the result of the defendants' control of the relevant information. She does in her subsequent brief, however, attribute her failure to identify which of the defendants was her employer to the defendants' superior knowledge;[10] but even this justification, if extended to her allegation of fraudulent concealment, cannot save her Spartanly worded claim. In those cases where the defendant controls information required for proper pleading, "the complaint must still 'adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard' and it must also 'allege that the necessary information lies within the defendant's control, and then allegations must be accompanied by a statement of facts upon which allegations are based.'" *United States ex rel. Sanders,* 953 F.Supp. at 1413 (quoting *United States ex rel. Stinson, Lyons v. Blue Cross Blue Shield of Ga.,* 755 F.Supp. 1040, 1052 (S.D.Ga.1990)). Such "specific facts supporting a strong inference of fraud" are absent in Morrow's complaint.

■ Nonetheless, the complaint's lack of particularity with respect to the allegation of fraudulent concealment need not necessitate the dismissal of that claim. It is true that a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries America Corp.,* 314 F.3d 541, 542 (11th Cir.2002). Yet Morrow has explicitly requested "an opportunity to amend the complaint and cure the omissions,"[11] and the court will permit Morrow another opportunity to plead fraud consistent with Rule 9(b).

## D. Claims for Breach of Contract And Unjust Enrichment

■ The defendants argue that Morrow's claims for breach of contract and unjust enrichment are too vague. In fact, Morrow's claims are brief, and the complaint states only that "defendants' actions amount to a breach of contract and/or unjust enrichment."[12]

■ Morrow's cursory allegations often fail even to touch upon the elements necessary to prove breach of contract and unjust enrichment. For example, a breach of contract under Alabama law requires: "(1) the existence of a valid contract binding the parties in the action, (2) [the plaintiff's] own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Southern Med. Health Sys., Inc. v. Vaughn,* 669 So.2d 98, 99 (Ala.1995). Yet there is no reference to any contract in the complaint. Morrow's allegation of unjust enrichment is likewise vague.[13]

---

10. Plaintiff's Response to Defendant's Motion to Dismiss (doc. no. 9), ¶ 2.

11. *Id.,* ¶ 5.

12. Complaint (doc. no. 1), ¶ 21.

13. In order to substantiate a claim of unjust enrichment under Alabama law, a plaintiff may show that "the donor of the benefit ...

acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship." *Jordan v. Mitchell,* 705 So.2d 453, 458 (Ala.Civ.App. 1997); *see also General Motors Acceptance Corp. v. Dubose,* 834 So.2d 67, 78–9 (Ala. 2002).

Consequently, the court grants Morrow the opportunity to amend her complaint in order to plead her claims properly.

The defendants alternatively argue that, even if Morrow's claims for breach of contract and unjust enrichment were properly pleaded, these claims seem to be based upon the same factual assertions as the FLSA claim. According to the defendants, because state common-law claims seeking relief identical to that under the FLSA are not permissible, Morrow's claims should be dismissed. Morrow responds:

> "Although it is true that Plaintiff cannot recover on common law theories that are preempted by the FLSA, the FLSA only allows redress for 'overtime' violations and 'minimum wage' violations. To the extent Defendant has denied Plaintiff forms of compensation that fall under categories other than 'overtime' or 'minimum wage' compensation, Plaintiff would have a valid state law cause of action." [14]

Under the FLSA, "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b). "Courts have consistently held the above statute is the exclusive remedy for enforcing rights created under the FLSA.... As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim." *Tombrello v. USX Corp.*, 763 F.Supp. 541, 545 (N.D.Ala.1991)

(holding that the FLSA preempted plaintiff's wage and invasion-of-privacy claims).

Whether Morrow's breach-of-contract and unjust-enrichment claims can co-exist with her FLSA claims or are preempted by the FLSA depends on the nature of her state-law claims. *Contrast, e.g., Freeman v. City of Mobile, Ala.*, 146 F.3d 1292, 1298 (11th Cir.1998) (holding that "the FLSA does not preempt state law contract provisions that are more generous than the FLSA demands"); *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir. 1994) (holding that the FLSA does not preempt a state law contractual claim that seeks to recover wages for time that is compensable under the contract but not under the FLSA), *with, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir.1999) (holding that "the FLSA's remedial scheme is sufficiently comprehensive as to preempt state law" with respect to contribution or indemnification claims by employers); *Fuller v. Golden Age Fisheries*, 14 F.3d 1405, 1409 (9th Cir.1994) (holding that FLSA, which provides an exemption from the Act's wage and overtime provisions for fishermen, preempts claims under Alaska's minimum-wage and overtime statute); *Alexander v. Vesta Ins. Group, Inc.*, 147 F.Supp.2d 1223, 1240–41 (N.D.Ala.2001) (holding that the FLSA preempted plaintiff's fraud claim).[15]

In fact, if the damages sought by Morrow are any indication of the rights that Morrow is asserting, then her complaint is based largely, if not exclusively, on the FLSA. Morrow seeks "unpaid compensation and benefits, plus an equal amount of liquidated damages and/or prejudgment interest" as well as "[a]n award of reasonable attorneys' fees, including the costs and expenses of the action." [16] This lan-

---

**14.** Plaintiff's Response to Defendant's Motion to Dismiss (doc. no. 9), ¶ 4.

**15.** Although the FLSA may similarly preempt Morrow's fraud claim, the defendants did not

raise and the court will therefore not address this argument.

**16.** Complaint (doc. no. 1), ¶¶ 2–3 of relief section.

guage mirrors the damages available under the FLSA, which provides compensation for "unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... The court in such action shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216(b).

Yet due to the vagueness of Morrow's claims, the court can only suspect, but cannot conclude, that her state-law claims are preempted by the FLSA. Consequently, it would be premature to hold that the FLSA prevents Morrow from bringing claims for breach of contract and unjust enrichment.

## III. CONCLUSION

Accordingly, for the above reasons, it is ORDERED as follows:

(1) Defendants Green Tree Servicing, L.L.C., Conseco Finance Corp.-Alabama, and Conseco Finance Servicing Corp.'s motion to dismiss or, in the alternative, to plead with greater specificity (doc. no. 6) is granted to the following extent: (a) plaintiff Christi L. Morrow's complaint is limited to claims that arose after September 15, 2003; (b) plaintiff Morrow shall, within 14 days from the date of this order, amend her complaint to allege with more specificity her claims for fraudulent concealment, breach of contract, and unjust enrichment.

(2) Said motion is denied in all other respects.