[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10473
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-60231-WPD

RACHAEL COOK,

Plaintiff-Appellant,

versus

AETNA LIFE INSURANCE COMPANY,

Defendant-Appellee,

UNISYS CORPORATION FEDERAL SYSTEMS,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2015)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

The District Court granted Aetna Life Insurance Company ("Aetna") summary judgment on Rachael Cook's claim, brought under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, that Aetna improperly terminated her long term disability ("LTD") benefits.  Cook, proceeding *pro* se, appeals the judgment, raising 29 arguments for reversal.

Construing Cook's arguments liberally, we conclude that, read together, most of them constitute no more than an argument that the district court erred in granting Aetna summary judgment.  She argues alternatively that the court's summary judgment decision is moot because the court granted her leave to file an amended complaint as a consequence of the clerk of court's issuance of a summons to Unisys Corporation, her employer.[1]

We consider first Cook's alternative argument that the order granting Aetna summary judgment is moot because the summons issued to Unisys automatically granted her leave to amend her complaint.[2]  We find nothing in the record or the

---

[1]  With the exception of the two arguments we deal with in the text, *infra*, none of the arguments presented in Cook's brief require comment, including those she failed to present to the district court in the first instance.  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

[2]  Cook does not argue that the district court abused its discretion in denying her leave to amend her complaint.  But, assuming that she has presented the argument, we find no abuse of discretion in the court's proceeding on the basis of Cook's original complaint because the allegations of the proposed amended complaint were futile and could not have withstood a motion to dismiss.  *Halliburton & Assocs., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir. 1985).

law to support that proposition and therefore proceed to the merits of Cook's argument that the district court erred in granting Aetna summary judgment.

"We review *de novo* a district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the same legal standards that governed the district court's decision." *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011).[3]  Judicial review of a challenged benefits decision under ERISA is limited to consideration of the material available to the ERISA plan administrator at the time of the decision. *Blankenship*, 644 F.3d at 1354.  Based on that record, the reviewing court performs the following multi-step analysis:

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "*de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "*de novo* wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

---

[3]  Aetna was entitled to summary judgment if it shows that there was no genuine dispute as to any material fact and that it was entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  We conclude that Aetna made such showing.

3

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Id.* at 1355.

ERISA plan administrators "need not accord extra respect to the opinions of a claimant's treating physicians." *Id.* at 1356. Administrators are also entitled to rely on the opinion of the independent medical examiner. *Turner v. Delta Family-Care Disability and Survivorship Plan*, 291 F.3d 1270, 1274 (11th Cir. 2002).

Based on the district court's review of Cook's medical records in the administrative record, we conclude that the court did not err in granting summary judgment to Aetna. The court found that the records showed Cook was not disabled, and that thus the administrator's decision to deny benefits was not wrong. The court was entitled to, and did, rely on the Independent Medical Evaluation ("IME") performed by Dr. Richard Wilson, which did not reveal any medical conditions causing disability. *Turner*, 291 F.3d at 1274. Moreover, although Dr. David Clendenning, Cook's treating physician, concluded that Cook was disabled, Dr. Robert Swotinsky, a board-certified specialist in occupational medicine, reviewed the basis for Dr. Clendenning's assessment, and concluded that "[t]he documentation [did] not corroborate impairment." Aetna was not required to accord extra respect to Dr. Clendenning's opinion merely because he was Cook's

treating physician. *Blankenship*, 644 F.3d at 1356. Because the court determined that Aetna's decision to deny benefits was not wrong, it did not need to move on to the next step of the analysis. *Id.* at 1355. However, even if Aetna's decision was wrong, it was not arbitrary and capricious in light of the medical opinions in the record. *Id.*

AFFIRMED.